E. L. LITTLE V. THE STATE.

No. 18447. Delivered October 21, 1936.

The opinion states the case:

*Fred L. Perkins* and *Paul Maaz, Jr.,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

No statement of facts is brought forward. A statement on the part of the trial judge appended to appellant's bill of exception No. 1 conclusively shows that the failure to secure a statement of facts can not be charged to appellant. We quote the certificate, as follows:

"It is true that the defendant, E. L. Little, was tried on an indictment charging him with the offense of murder, the facts showing that the deceased was his son.

"The defendant was convicted and the jury fixed the punishment at death. Thereafter, defendant filed his motion for a new trial, and on January 10th, 1936, it was by this court overruled, and the defendant duly excepted and gave notice of appeal to the Court of Criminal Appeals.

"That T. M. Mangum, now deceased, was the official court reporter of this court at the time of said trial, and took down the shorthand notes upon said trial. That thereafter, about the 3rd or 4th of March, 1936, and at a time when said Mangum was ill, he informed this Court that the defendant, through his counsel, had ordered statement of facts in the case, and that he expected to go to work on the same within a few days. Thereafter, and on the 7th day of March, 1936, Mangum died. That before Mangum's death he had transcribed for the defendant counsel the objections and exceptions taken during the trial of the case, but had not begun the statement of facts.

"Shortly after Mangum's death, and within the time required by law, a purported statement of facts was presented to this court, prepared by Walter Pridemore, official court reporter for the Criminal District Court of Harris County, Texas, who had been requested to transcribe Mangum's notes, but the State and the defendant have failed to agree on such statement of facts, and have stated to this court that they will be unable to agree.

"The State has submitted to the court the statement of facts referred to as prepared by Walter Pridemore, after having eliminated those portions of the same that the State contends should not be in the statement of facts, as the statement of facts in this cause. The defendant will not agree to it. The defendant has submitted a statement of facts, prepared by and through his counsel, but the State and court are unable to agree and approve it.

"The 9th day of April, 1936, is the last day in which this defendant has, under the law, to prepare and have filed a statement of facts in this cause. There is no possible chance for the State and the defendant to agree on the statement of facts. In view of the fact that the court reporter who took the shorthand notes of this testimony down at the time of the trial is dead, this court on such a vital question, with the death penalty involved, could not, in good conscience, from recollection prepare a statement of facts in this case. The court would not undertake to reconcile, from recollection, the differences that exist between the State and the defendant, and, therefore, with this explanation approves this bill.

"The term of this court having adjourned at which this defendant was tried, and thus this court having lost jurisdiction of the case, and cannot set the conviction aside, the matter is now certified to the Honorable Court of Criminal Appeals for its action thereon."

It is apparent that appellant has been unable to obtain a statement of facts after using due diligence and that there has been no fault or negligence either on his part or on the part of his counsel. It follows that we are constrained to order a reversal of judgment. See 4 Tex. Jur., 450, and Bush v. State, 78 S. W. (2d) 625.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.