### BILLIE BRANNAN V. THE STATE.

No. 20652. Delivered October 18, 1939.
Rehearing Denied November 15, 1939.

The opinion states the case.

W. O. *Slattery* and *Roy A. Scott,* of Corpus Christi, for appellant on appeal.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary, and sentenced to serve three years in the penitentiary.

The record is before us without any bills of exception or statement. of facts contained therein.

It appears that immediately after the overruling of the motion for a new trial on June 1, 1939, the appellant gave notice of appeal to this court, and made arrangement with the court reporter, who had taken down the testimony at the trial, for a narrative statement of facts. That the trial court was in continuous session from June 1st to June 12th. That on June 16th thereafter the court reporter, who had taken down the testimony, was stricken with a heart attack, and immediately died therefrom. The appellant's attorney soon thereafter took the notebooks of the deceased reporter to two other court reporters, one of whom used the same shorthand system as the deceased reporter, and they both certify that they were unable to read such notes; that it was impossible for them to prepare an intelligible statement of facts therefrom. It also appears that there were many bills of exceptions taken on the trial of the case, the notes thereof being contained alone in the reporter's notes; that by agreement the exceptions and objections to the court's charge had been dictated to the reporter, who would afterwards transcribe the same and file them as of the date dictated, which objections had not been transcribed at the time of the reporter's death.

It is claimed that there were many witnesses testifying, and many bills of exception taken, and the attorney trying same,— not expecting to have to prepare a statement of facts from memory, and not charging his mind with the matters contained in the bills of exception,—wholly relied upon the expectancy of the reporter furnishing him with not only a copy of the notes taken down at each occurrence but also a statement of facts.

Under the circumstances we are constrained to order a reversal of this cause on account of the fact that through no fault of appellant, or his attorney, he has been deprived of a statement of facts herein. See Little v. State, 97 S. W. (2d) 479, and cases there cited.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

We have carefully examined the State's motion for rehearing, with the affidavits attached thereto, in connection with the defendant's reply to said motion, which also has appended thereto the affidavit of the trial judge and of appellant's counsel.

The affidavit of the trial judge, which appellant has attached to his reply, explains the judge's affidavit which the State has attached to the motion for rehearing. The judge says in his affidavit: "I cannot now recall enough of the facts to prepare a statement of all of the facts in the case, unless defense counsel and State's counsel prepare in writing and tender to me their respective versions of the testimony adduced upon said trial. I make this affidavit to explain the affidavit heretofore prepared and filed in this court by the State's attorney. I express no opinion as to the difficulties, if any, between State's counsel and defendant's counsel in their efforts, if any, to prepare and present to me a statement of facts to be approved."

The affidavit of appellant's counsel, which is attached to appellant's reply to the State's motion for rehearing, is to the effect that many witnesses testified upon the trial and that many bills of exception were taken, and that counsel,—not expecting to have to prepare a statement of facts from memory, and not charging his mind with the matters contained in the bills of exception,—did not remember enough of the facts to prepare a statement of facts.

Viewing the situation in the light of the motion and the affidavits, we are constrained to the view that proper disposition was made of the appeal in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.