J. D. McNabb v. The State.

No. 20663. Delivered October 18, 1939.

The opinion states the case.

*S. B. Ehrenwerth,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State

KRUEGER, Judge.

Conviction is for rape; punishment is assessed at confinement in the State penitentiary for a term of five years.

The record is before us without a statement of facts. The only question that need be considered by us is whether or not the appellant was deprived of a statement of facts without fault on his part. The State's attorney has admitted that the cause requires reversal and the trial judge stated that he would have granted a new trial but that by the time the full facts were disclosed to him he was without jurisdiction to do so, inasmuch as the motion for a new trial had been overruled and notice of appeal given and entered.

It appears that the court reporter who took down the shorthand notes became ill with a throat infection shortly after the trial had been completed. Counsel for appellant made frequent inquiries of the trial judge concerning said statement of facts and was informed that the reporter was dictating the same to another stenographer, capable of transcribing them. This work was never completed, however, and the reporter became so ill that he could not even talk. We quote from the court's certificate regarding this matter, as follows:

"The time provided by law having elapsed, and the judgment having long since became final, the term of court at which it was rendered having passed, and this Court being without any jurisdiction to set the judgment aside and grant a new trial, the Court makes this certificate that the defendant has been deprived of the statement of facts herein without any fault on the part of defendant or his counsel. Neither the Court nor State's counsel have been able, from recollection, to prepare a statement of facts herein." Having been deprived of a

statement of facts without fault on his part, and having shown all the diligence required by law, the appellant is entitled to a reversal. See Little v. State, 97 S. W. (2d), 479 and the authorities there cited.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.