FRANK SELIGER v. THE STATE.

No. 20973. Delivered April 3, 1940.

The opinion states the case.

*E. T. Miller* and *Simpson, Dorenfield & Fullingim,* all of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for four years.

No statement of facts is brought forward. A certificate of the trial judge, in approving appellant's bill of exception No. 2, conclusively shows that the failure to secure a statement of facts can not be charged to appellant. It is shown in the bill of exception that after appellant had been convicted he promptly made satisfactory arrangements with the court reporter for a statement of facts. Thereafter the court reporter was accidentally killed. He had not prepared a statement of facts in the case, and it is certified in the bill of exception that no other person was able to prepare such statement from the notes that he had taken during the trial. Neither the district attorney nor appellant's counsel would undertake to prepare a statement of facts from memory. The trial judge certified that he did not keep any notes during the trial and could not and would not attempt to make up a statement of facts in the case. We quote in part from the court's certificate, as follows: "The court certifies that without any fault or negligence on the part of the defendant and his counsel, but due solely to the untimely and accidental death of J. Henry Cross, the official court reporter, the defendant and his counsel have been deprived of the statement of facts necessary to perfect their appeal, and have been deprived of data from which they could prepare bills of exception preserved by the defendant during his trial."

It is apparent that appellant has been unable to obtain a statement of facts after using due diligence and that there has been no fault or negligence either on his part or on the part of his counsel. It follows that we are constrained to order a reversal of the judgment. See Brannan v. State, 132 S. W. (2d) 594, and Little v. State, 97 S. W. (2d) 479.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.