## ANTONE SPIVEY V. THE STATE.

No. 21106. Delivered June 5, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*J. A. Collier* and *Charles Murphy,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

It appears from the record that on the 24th day of October, 1939, appellant was tried on three separate and distinct indictments, styled State of Texas v. Antone Spivey, Nos. 47,483, 47,485, and 47,487, in the District Court of Harris County, on a charge of receiving and concealing stolen property.

It seems that appellant entered a plea of guilty before the court in each of the three cases and was assessed a punishment of two years in the State penitentiary in each case. Thereafter, on the 4th day of November, appellant filed a motion denominated a motion in arrest of judgment and for leave to withdraw his plea of guilty. In the conclusion of his motion he prays that sentence be not passed upon him; that he be permitted to withdraw his plea of guilty, and for such other and further relief as he may be justly entitled to.

It may be true that appellant did not denominate the document as a motion for new trial. Nevertheless, the entire context of the motion shows that he desired a new trial. The grounds specified in said motion, if true, would entitle him to a new trial. Therefore, it occurs to us that it does not make any difference what he denominated his plea. Whether it be a motion in arrest of judgment or a motion for new trial, it is nevertheless a motion for a new trial. The court heard, considered and overruled the same, to which action the defendant then and there excepted and gave notice to the Court of Criminal Appeals of Texas. This brought the entire case before this court for review.

Article 12, C. C. P. (as amended by Acts 1931, 42nd Leg. p. 65, ch. 43, sec. 3), reads as follows: "No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded, unless in felony cases less than capital, the defendant upon entering a plea of guilty has in open Court in person and with the approval and consent of the Court and the State's Attorney, as provided in Section 1 of this Act, (Article 10a of Code of Criminal Procedure of the State of Texas), waived his right of a trial by Jury. Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

It is apparent from the foregoing article of the statute that in every case where the defendant enters a plea of guilty to the court that the State is required to introduce evidence showing the guilt of the defendant, and if the State fails in this respect the defendant is entitled to a new trial. Therefore, upon an appeal from such conviction the accused is entitled to a statement of facts in order to demonstrate to this court the State's failure in having complied with the law.

On the 21st day of November, 1939, appellant tendered to

the Hon. Whit Boyd, Judge of the Criminal District Court of Harris County, bills of exception and a statement of the facts adduced upon the trial in narrative form and requested that the same be examined, approved and filed as a part of the record in the case, which statement of facts was by the court delivered to the District Attorney. The bills and the statement of facts were signed by the attorneys for the appellant when tendered to the court for approval, but the court failed and refused to approve the same and file them within the time prescribed by law, although requested to do so on several occasions, but he did file and approve a statement of the facts adduced upon the hearing of the motion for new trial. It occurs to us that appellant, without any fault on his part, was deprived of his bills of exception and statement of facts adduced upon the original trial. This court has many times held that when a defendant in a criminal case is deprived of a statement of facts without any fault on his part, the judgment of the trial court will be reversed and the cause remanded. See 4 Tex. Jur. p. 450, sec. 312; also Little v. State, 131 Tex. Cr. R. 164; Brannan v. State, 137 Tex. Cr. R. 611; Seliger v. State, 138 S. W. (2d) 817.

From what we have said it follows that the judgment of the trial court be, and the same is, reversed and the cause remanded for a new trial.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REHEARING.

BEAUCHAMP, Judge.

The State's motion for rehearing in this case has been fully considered and we are of the opinion that the case was properly disposed of on original hearing, and that nothing new has been presented which requires further written opinion.