RAMON BARRERA V. STATE

No. 27,665. October 12, 1955
Rehearing Denied December 14, 1955

*Roy A. Scott, Jerry D'Unger, Lawrence Berger,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

PER CURIAM

The conviction is for the sale of marihuana; the punishment, five years in the penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant now moves this court to reverse this conviction because he has been deprived of a statement of facts through no fault of his own. We quote from the joint affidavit of appellant's counsel and the court reporter as follows:

"Appellant's motion for a new trial herein was overruled by the Trial Court of Nueces County, Texas, on March 8, 1955. That immediately thereafter, Appellant ordered a Statement of

Facts from Mrs. Florene Smith, the official court reporter for said Court, who reported the trial of this cause. That on April 5, 1955, Russell Smith, the husband of said official court reporter was stricken with a heart attack and said court reporter was advised by the attending physician that the said Russell Smith possibly would not live for more than 36 or 48 hours. That said official court reporter was in almost constant attendance at the bedside of her said husband and further on April 23, 1955, the said Russell Smith had to undergo major surgery for said heart condition and said court reporter was advised that the death of her husband might occur at any moment and that the said Russell Smith did die on July 15, 1955. That because of the condition of her said husband, the said court reporter was unable to prepare the Statement of Facts in this cause within the 90 days allowed by law and that said testimony in the trial of said cause was taken down in shorthand and no other court reporter was or is able to read her shorthand notes and prepare said Statement of Facts with any degree of accuracy, and for such reason said Statement of Facts was not prepared and delivered to Appellant until some time during the month of August, 1955, which was far beyond the 90 day limit allowed by law.

"Appellant further shows that shortly after ordering said Statement of Facts from said official court reporter he paid said court reporter $180.00 which was the estimated cost of said Statement of Facts and that Appellant made inquiry from time to time about said Statement of Facts and endeavored to obtain same but could not do so, because of the fact that the official court reporter's said husband was near death from April 5, 1955, until July 15, 1955. And for such reason Appellant could not obtain said Statement of Facts and could not prepare Bills of Exception without the record being presented to him.

"Appellant further shows that the trial of this cause lasted for two full days and that there was no possibility of Appellant or his attorney remembering what objections were made and that numerous objections and exceptions were made during the trial of said cause."

The appellant in his brief states that one of the court reporter's notebooks had been misplaced, but we note that such recitation is not contained in the affidavit.

Be this as it may, the appellant has not seen fit to tender to this court for filing the statement of facts which they acknowledge was delivered to him in August.

Now, in December, on motion for rehearing, he asks for a reversal of this conviction because of an absence of a statement of facts which he admits was delivered to him in August. We cannot grant such a request.

We think the facts set forth in the affidavit clearly distinguish this case from Brannon v. State, 137 Texas Cr. R. 611, 132 S.W. 2d 594, relied upon by the appellant.

Appellant's motion for rehearing is overruled.