EX PARTE: EDDIE HOOPER, WANDA HOOPER, AND NELL EARLY

No. 29,689. April 30, 1958.

*George T. Thomas,* Big Spring, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By writ of habeas corpus, appellants sought to be discharged

from arrest and custody in an extradition case. From the order denying that relief notice of appeal was entered on the 16th day of January, 1958.

There is no statement of facts before us.

The order of the trial court certifies that evidence was heard which included the introduction of the supporting papers forwarded by the Governor of the demanding state, to which the appellants, through their counsel, made various objections as also to the sufficiency to authorize extradition.

On April 15, 1958, which was one day prior to the expiration of the ninety-day period for filing the statement of facts, Appellants' Bill of Exception No. 1 was approved and duly filed on the same day.

In that bill of exception the trial court certified the following: (1) that the appellants in due time and manner and with due diligence requested a statement of facts from the court reporter; (2) that the court reporter was unable to prepare the statement of facts because the exhibits offered in evidence could not be located, notwithstanding diligent search had been made therefor; (3) that appellants and their counsel were first notified, on April 14, 1958 — which was two days prior to the expiration of the ninety-day period for filing a statement of facts — of the absence of such exhibits and of the inability of the court reporter to prepare the statement of facts; (4) that the unavailability of such exhibits for inclusion in the statement of facts was not caused by nor due to any lack of diligence on the part of the appellant and their counsel; and (5) that the missing exhibits consisted of numerous instruments and neither the court nor counsel for the appellants and that for the state had sufficient memory of the contents thereof to be able to agree or stipulate or certify with accuracy as to their content and wording.

The bill of exception certifying such facts was approved without qualification.

It is apparent, therefore, that the appellants, without fault, negligence, or laches on their part or on the part of their counsel, have been deprived of a statement of facts in this case.

This requires a reversal of the order of the trial court denying the relief prayed for.

Accordingly, the judgment is reversed and the cause is remanded.

WOODLEY, Judge, dissenting.

The lost or misplaced exhibits are sets of papers supporting the demand for extradition which, under Art. 1008a, V.A.C.C.P., are required to be in duplicate.

Appellants have excused their failure to file statement of facts within 90 days after notice of appeal, but no reason appears why the statement of facts could not be prepared using copies of the duplicate papers, if the exhibits have not been located.

No reason appears why the court should be required to conduct another hearing. I would affirm the judgment for want of a statement of facts, without prejudice to the right of appellants, on motion for rehearing, to file the statement of facts without unnecessary delay.