Frank Edward TIMMONS, Appellant,

v.

The STATE of Texas, Appellee.

No. 56538.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

---

**2.** See *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972).

**3.** See footnote 1, supra.

Robert E. Fitzgerald, Dallas, for appellant.

Henry M. Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

■ This is an appeal from a conviction for misdemeanor theft in which the trial court assessed punishment at one year confinement in the Dallas County Jail and a fine of one thousand dollars.[1]

After initial submission, there being no transcription of the court reporter's notes,[2] we abated this appeal for further proceedings in accordance with Article 40.09, § 7, V.A.C.C.P.[3] *Timmons v. State*, 571 S.W.2d

---

1. Omitting the formal parts, the information charged that the appellant did:

    ". . . *intentionally and knowingly* appropriate property other than real property, to wit: current money of the United States, of the value of at least $20.00 but less than $200.00, without the effective consent of Thomas Patrick Connelly, the owner thereof, and with intent to deprive the said owner of said property."

    In applying the law to the facts in its charge, however, the court instructed:

    "Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Frank Edward Timmons on our [sic] about the 4th day of March, 1976, in the County of Dallas, and State of Texas, as alleged in the information did then and there *unlawfully*, acting either alone or with one or more persons, exercise [sic] appropriate property, other than real property, to wit: current money of the United States of the value of at least $20.00 but less than $200.00 without the effective consent of Thomas Patrick Connelly, the owner thereof, and with intent to deprive Thomas Patrick Connelly of said property, you will find the defendant guilty of a Class 'A' Misdemeanor as charged in the information, *and you will make no finding in this verdict as to punishment*."

    We note that although the instant charge omits the words knowingly and intentionally as alleged in the indictment and would at first blush suggest a failure to include in the charge all of the essential elements of the offense as alleged in the indictment, no objection to the charge was proffered at trial. Given our disposition of appellant's sole ground of error, we do not reach and therefore express no opinion on the issue of whether this omission in the instant charge constitutes fundamental error in the absence of an objection below.

    We further note that the trial judge, in applying the law to the facts, charged the jury, *during the guilt or innocence phase of the proceedings*, as to the punishment range for the charged offense in a situation where the appellant had already elected to go to the *court* for punishment in the event of a conviction. The charge is objectionable not only on the ground that punishment was not at issue during this phase of the trial but on the ground that even with a guilty verdict being returned, it was no concern of the jury as to the punishment range, given the appellant's election to have the trial court assess punishment.

2. Formerly, and often now more conveniently, called the statement of facts.

3. In pertinent part, the trial court "after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final."

197 (Tex.Cr.App.1978, unpublished). Those proceedings having been held and their record now before us, the appeal is reinstated for consideration of the asserted error.

Appellant advances one ground of error for our determination: that he was deprived of a transcription of the court reporter's notes for inclusion in the appellate record. For reasons more fully developed below, we sustain that ground of error and reverse his conviction.

The record reflects that sentence in the instant case was pronounced on January 14, 1977 and that the appellant timely filed his notice of appeal on that same day. Contemporaneously appellant orally requested the court reporter to prepare a statement of facts. On March 3, 1977, the appellant filed a designation of material to be included in the appellate record that itemized a request for a transcription of the court reporter's notes. Appellant's counsel received notice of June 22, 1977 that the record was complete, waiving formal certified mail notice of such completion under the provisions of V.A.C.C.P., Article 40.09(7). This waiver, and the similar acknowledgment and waiver of the prosecutor, are the last pages in this record that evidence the county clerk's file mark with the corresponding date of filing.[4]

■ Included in the record is an objection to the appellate record, filed by appellant's counsel, based on the failure of the district clerk to include a transcription of the court reporter's notes,[5] and the trial court's order approving the record and directing the filing of briefs. This order is dated July 12, 1977.[6]

Pursuant to the directive of this Court, the trial court held an evidentiary hearing on January 19, 1979 and heard the sworn testimony of appellant's counsel and the court reporter who had taken down the

---

4. The record reflects that the following papers included in it and in their order are neither filed marked nor time stamped:

Appellant's Objection to the Appellate Record
Order Approving Record and Directing Filing of Appellate Briefs
Defendant's Formal Bill of Exception No. One
Letter from Appellant's Counsel to the Clerk
Affidavit of Court Reporter Regarding his Inability to Locate his Notes in this Cause
Final Order of the Court on Appeal

This Court cannot, and the trial court did not attempt to, ascertain just why these documents were not in fact marked, but we again express our own dissatisfaction with omissions that create threshold issues that waste the time and effort of all concerned. See *Young v. State,* 86 Tex.Cr.R. 621, 218 S.W. 754 (1920). The failure of the clerk to file mark and date these documents, especially the Appellant's Objection to the Appellate Record, has drawn valuable resources away from the real problem in the case. See footnote 5, *infra.*

5. It is contended by the State and, indeed, evidenced in the trial court's finding and order, that the failure of the Appellant's Objection to the Appellate Record to be file marked and date stamped is dispositive of this appeal. It is their position that if a document does not bear the mark of the clerk, it cannot be considered to have been timely filed. See, e. g., *Anaya v. State,* 292 S.W.2d 108 (Tex.Cr.App.1956). Yet it is well settled that the lack of a file mark and a date stamp is not determinative of timely filing when it is shown that it was delivered to the clerk within the required time, as where it

appears that the paper was in fact filed in time but that the clerk, through oversight of inadvertence, neglected to place a file mark on it. *Monroe v. State,* 101 S.W. 214 (Tex.Cr.App. 1907); *Campbell v. State,* 57 Tex.Cr.R. 301, 123 S.W. 583 (1923); *Young v. State,* 86 Tex.Cr.R. 621, 218 S.W. 754 (1920). Additionally, the final page of the instant original record reflects in pertinent part, the following:

I, L. E. Murdoch, County Clerk and Clerk of the County Criminal Court of Dallas County, Texas do hereby certify that the above and foregoing 60 pages contain a true and correct copy of all the proceedings had and done in Cause No. 76–619 STYLED: THE STATE OF TEXAS V. FRANK EDWARD TIMMONS as same appears *on file and of record in my office.*

The certificate bears the signature and seal of the deputy county clerk, Mrs. Ira B. Griffin. This certification, and the place in which the objection appears—preceding order approving the record—taken together with the testimony adduced at the evidentiary hearing, compel us to hold that the Appellant's Objection to the Appellate Record was in fact timely filed. The State presented no evidence tending to rebut the testimony of appellant's counsel, as well as the circumstantial evidence of timely filing gleaned from the clerk's certification of this record, that the objection was in fact timely filed.

6. All emphasis is supplied throughout by the writer unless indicated otherwise.

testimony in appellant's trial. It established that appellant's counsel first contacted him to request a transcription of his notes sometime in late January; that appellant's counsel made at least three different attempts to get a copy of the statement of facts from the court reporter and was told on each occasion by the court reporter to get an extension of time in which to perfect the appellate record,[7] and that the court reporter did not in fact tell appellant's counsel that the notes of the trial proceeding were lost until the last week in June. The court reporter testified that he had made every effort to find his shorthand notes of appellant's trial proceeding and that he had exhausted all means of attempting to locate them.[8]

Indeed, the State established beyond any doubt that the court reporter's notes *simply do not exist*. As early as six months before any objection to appellate record was filed, the court reporter had been put on notice that a transcription of his notes was required. Whether he knew that he had lost his notes at that time we are not advised, and in all fairness it cannot be maintained that appellant and his counsel bear any responsibility for their disappearance. Regardless of whether his objection to the record was timely filed, it is now clear that appellant did everything in his power to procure the statement of facts. He made repeated efforts to obtain a statement of facts that, unknown to him, could not be produced. It is further apparent that the trial court, even with the objection before it, was powerless to remedy the problem.

▄▄▄ It is well settled that the burden is on an appellant to establish that he had been deprived of his statement of facts. *Couch v. State*, 158 Tex.Cr.R. 292, 255 S.W.2d 223, 224 (1953). To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *Randolph v. State*, 155 Tex.Cr.R. 432, 234 S.W.2d 235 (1950); *Little v. State*, 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1933); *Roberts v. State*, 62 Tex.Cr.R. 7, 136 S.W. 483 (1911). Indeed, the circumstances in such cases should be viewed from the appellant's standpoint, *Young v. State*, 172 S.W.2d 500 (Tex.Cr.App.1943), and any reasonable doubt is resolved in favor of the appellant. *Lamkin v. State*, 138 Tex.Cr.R. 311, 136 S.W.2d 225, 228 (1940).

▄▄▄ We find, from the whole record before us, that the appellant has demonstrated that he has in fact been deprived of a statement of facts without fault on his part and that he exercised all of that due diligence as required by law. He is therefore, entitled to a reversal of the judgment against him. *Hartgraves v. State*, 374 S.W.2d 888, 890 (Tex.Cr.App.1964); *Ex Parte Hooper*, 166 Tex.Cr.R. 189, 312 S.W.2d 673 (1958); *Seliger v. State*, 139 Tex.Cr.R. 26, 138 S.W.2d 817 (1940); *Brannan v. State*, 137 Tex.Cr.R. 611, 132 S.W.2d 594 (1939); *McNabb v. State*, 137 Tex.Cr.R. 463, 132 S.W.2d 273 (1939); *Little v. State*, 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1933).

The judgment is reversed and the cause is remanded.

---

7. Two such motions for extension of time in which to complete the record were in fact filed and granted by the trial court.

8. No effort was made to call Mrs. Griffin, the clerk to whom the objection had been personally handed, and who, in turn, compiled this appellate record.