**Cynthia F. ELLIS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–633–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

Allen D. Fobbs, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for possession of cocaine, a controlled substance. Upon trial to a jury, appellant was found guilty and sentenced to confinement in the Texas Department of Corrections for two (2) years. We affirm the judgment of the trial court.

Appellant has come before this court with a single point of error. Appellant contends that the trial court erred in "depriving the appellant of a statement of facts in the record on appeal." The sufficiency of the evidence to support her conviction is not challenged.

The record before us shows that on September 25, 1980, the jury found appellant guilty of possession and appellant was sentenced on November 3, 1980. At that time, appellant stated to the court that she would appeal and, not being a pauper, would purchase the appellate record. On February 2, 1981, upon appellant's motion, the trial court extended appellant's time to file the statement of facts until April 3, 1981. According to an affidavit filed by the court reporter, she was not requested to prepare the statement of facts until February 26, 1981. On July 8, 1981, more than three

months after the date of appellant's original extension, appellant filed a second motion requesting an extension of time to file the statement of facts which was denied by the trial court.

Appellant has the burden of establishing that she has been deprived of her statement of facts. *Couch v. State*, 158 Tex.Cr.R. 292, 255 S.W.2d 223 (1953). The test to be applied was set out by the Court of Criminal Appeals in *Timmons v. State*, 586 S.W.2d 509 (Tex.Cr.App.1979), in which the court stated:

> To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *Randolph v. State*, 155 Tex.Cr.R. 432, 234 S.W.2d 235 (1950); *Little v. State*, 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1933); *Roberts v. State*, 62 Tex.Cr.R. 7, 136 S.W. 483 (1911). Indeed, the circumstances in such cases should be viewed from the appellant's standpoint, *Young v. State*, 172 S.W.2d 500 (Tex.Cr.App.1943), and any reasonable doubt is resolved in favor of the appellant. *Lamkin v. State*, 138 Tex. Cr.R. 311, 136 ·S.W.2d 225, 228 (1940).

Even viewing the evidence from the appellant's standpoint and resolving any reasonable doubt in her favor, we cannot find that appellant and her counsel used due diligence and were without fault in obtaining the statement of facts. Appellant was notified on November 4, 1980, in a letter from her trial lawyer that "time is of the essence" and that she should "immediately contact a lawyer ... so that this appellate work may be handled in a timely and legal fashion." However, the court reporter was not requested to prepare the statement of facts until February 26, 1981, more than three months after appellant had been sentenced. Furthermore, although the trial court granted appellant her first motion for an extension of time to file the statement of facts, said statement of facts was not timely filed, and a motion for a second extension of time was not filed until July 8, 1981, more than three months after the first extension had expired. This court is aware that the court reporter was requested to prepare the statement of facts more than five weeks before the expiration of the first extension and that the failure to timely file the statement of facts was partly due to the court reporter's failure to prepare it in time. However, the primary responsibility to see that the statement of facts or the proper motions are prepared and timely filed is not on the court reporter, but lies upon the appellant or her attorney. There was no abuse of discretion in the trial court's denial of an untimely motion for a second extension of time to file the record. No ·harm or error in the conviction was shown.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.