**Ronald WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–505–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1982.

Rehearing Denied June 3, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Terrill Flenniken, Houston, for appellant.

Winston Cochran, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant contends that, because the record does not contain the requested transcription of the court reporter's notes, he is entitled to a new trial. For the reasons discussed below, we hold that the judicially created statement of the proceedings included in the record is not an adequate substitute for a transcription of the court reporter's notes, but Appellant's lack of diligence in seeking to obtain the requested statement of facts [1] precludes our reversing for a new trial. We affirm.

Appellant was indicted for murder and aggravated robbery. He entered a plea of guilty to the offense of aggravated robbery. Evidence included a stipulation of evidence signed by Appellant. After completion of a presentence investigation, on October 16, 1980, Appellant was sentenced by the court, with no recommendation by the State, to twenty years imprisonment. On the same date Appellant gave notice of appeal and, in response to Appellant's filing of a pauper's

---

1. Throughout this opinion we use the phrase "statement of facts" to mean a transcription of a court reporter's notes.

oath and request for a statement of facts, the trial court appointed counsel for the appeal and signed an order directing the court reporter to prepare a statement of facts. On January 29, 1981, the court mailed notice of completion of the record to Appellant's attorney in compliance with Tex.Code Crim.Pro.Ann. art. 40.09 § 7 (Vernon Supp.1982). On February 9, 1981, the State filed an objection to the record, pointing out the fact that the record did not contain a transcription of the court reporter's notes. One of two court reporters from Hutchinson County, Texas, who had been working on a capital murder trial in the 262nd District Court of Harris County, had taken the notes of Appellant's trial in that court. Not until February 16, 1981, did Appellant's attorney contact the court reporter to request a statement of facts. It was subsequently determined that the notes from Appellant's trial could not be found. The trial judge then attempted, according to his best recollection, to reconstruct in question and answer form the hearing on Appellant's plea as well as the punishment hearing. On April 1, 1981, the judicially created statement of the proceedings was filed. The trial judge certified the statement as being the proceedings had in his court; notice of the completion of the record was sent on April 16; the record was approved on May 12; and notice of approval of the record was sent on May 14, 1981. On May 27, 1981, Appellant filed an objection to the record based on the lack of a transcription of the court reporter's notes. A hearing on Appellant's objection to the record was held on June 5, 1981, and the objection was overruled.

 It is clear that the trial court has the duty to provide an indigent appellant with an adequate record for his appeal. *Guillory v. State,* 557 S.W.2d 118 (Tex.Cr. App.1977), and the authorities cited therein. We must decide whether the judicially created account of the proceedings is an adequate substitute for a transcription of the court reporter's notes when Appellant timely requested a statement of facts and did not agree to using the judge's statement of the proceedings in lieu thereof. Tex.Code Crim.Pro.Ann. art. 40.09 § 3 (Vernon Supp. 1982), provides that "[t]he record may include a transcription of all or any part of the proceedings shown by notes of the reporter to have occurred before, during or after the trial *and the same will constitute the statement of facts for the appeal. . . ."* [Emphasis added.] Section 11 of that article also contains the following provision for an agreed statement of the proceedings:

> The parties may agree, with the approval of the trial court, upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the trial. Such statement shall be copied into the record in lieu of the proceedings themselves.

In addition, the statute provides for the court's making entries in the record which are necessary to make a court reporter's transcription "speak the truth" in any particular in which the court, after hearing, finds it does not speak the truth, and also sets forth the procedure to be followed by the trial court in modifying or supplementing the record when necessary to make the record "speak the truth." Tex.Code Crim. Pro.Ann. art. 40.09 §§ 4, 7 (Vernon Supp. 1982). In our opinion the statute's grant of power to the trial court to correct, modify or supplement the record does not encompass the power to prepare and substitute a statement of facts without the agreement of the parties. Prior to the enactment of article 40.09, Tex.Code Crim.Pro. art. 759a § 1(E) (1951) provided as follows:

> If the Statement of Facts is agreed to by the defendant or his counsel, and the attorney representing the state, it need not be approved by the court. If the parties cannot agree on a Statement of Facts within seventy-five (75) days after giving of notice of appeal, the trial judge shall prepare and certify to a Statement of Facts.

The statute has undergone several revisions and the above language has been omitted from the current statute. The concurring opinion in *Ex parte Contreras,* 586 S.W.2d

550, 552 n. 1. (Tex.Cr.App.1979), suggests, and we hold, that the trial court no longer has the power under the current statute to prepare a substitute statement of facts when the parties do not agree upon one. The alternative of utilizing an agreed statement pursuant to section 11 is available to the parties; that alternative is, however, optional. An appellant may not be compelled to utilize the statutory alternative of an agreed statement of facts. *Ex parte Mays,* 510 S.W.2d 606 (Tex.Cr.App.1974); *Ex parte Contreras, supra; Curry v. State,* 488 S.W.2d 100 (Tex.Cr.App.1972). To substitute a judicially created statement of the proceedings without the consent of the parties has the effect of forcing an appellant to agree to a statement in lieu of a court reporter's transcription. The statute provides for no such alternative. We therefore conclude that Appellant was indeed deprived of an adequate statement of facts after having timely requested a transcription of the court reporter's notes.

We next consider whether Appellant has been deprived of a statement of facts after having exercised reasonable diligence to obtain one and without fault on his part. Tex.Code Crim.Pro.Ann. art. 40.09 § 5 (Vernon Supp.1982) places responsibility for obtaining a transcription of the court reporter's notes on the party who requests the same:

> If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. *Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record* and the appellant shall pay therefor . . . . [Emphasis added.]

Section 3 of article 40.09 sets out the applicable time limits for filing the transcription with the clerk of the court:

> . . . A transcription applicable to any proceeding occurring before notice of appeal shall be filed with the clerk for inclusion in the record not later than 60 days after notice of appeal. . . .

In assessing an appellant's diligence in obtaining a statement of facts, we view the circumstances in each case from the appellant's standpoint, consider what an ordinary prudent person would do in the same or similar circumstances, and resolve any reasonable doubt in favor of the appellant. *Timmons v. State,* 586 S.W.2d 509, 512 (Tex. Cr.App.1979); *Lamkin v. State,* 138 Tex. Crim. 311, 136 S.W.2d 225, 228 (1940). In the instant case notice of appeal was given and 123 days passed before an attempt was made to contact the court reporter. Given the above statutory requirements, it is difficult to characterize such a delay as an exercise of due diligence. However, we consider a review of the case law necessary to our conclusion. On September 19, 1979, the Court of Criminal Appeals handed down two decisions involving appellate records in which statements of facts were missing: *Timmons v. State, supra,* and *Ex parte Contreras, supra. Timmons* reversed a misdemeanor theft conviction for lack of a statement of facts where the court reporter's notes had been lost and there was clearly no fault and no lack of diligence by the appellant or by his attorney, and stated the general rule that in order to be entitled to reversal of a judgment of conviction when the statement of facts is not filed, an appellant must show (1) due diligence in requesting it and (2) that the failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. There is no indication of indigency in *Timmons.* In *Contreras,* an *en banc* decision involving an indigent appellant, the court reporter had moved outside the jurisdiction of the court and a transcription of the reporter's notes was unavailable for the record. The *Contreras* court held that in the event an agreed statement of facts or a transcription of the court reporter's notes was not filed within 30 days after the date of that court's opinion, appellant would be accorded a new trial. The majority opinion in *Contreras* does not address the question of diligence but bases its holding

on the trial court's duty under the Texas and United States Constitutions to provide an indigent defendant with an adequate record on appeal. 586 S.W.2d at 551–2, citing *Guillory v. State, supra.* The four concurring justices in *Contreras* expressed a preference for an analysis focusing on the cause for the absence of the statement of facts rather than on the status of the appellant, and stated that because the unavailability of the statement of facts in that case was not due to any lack of diligence on the appellant's part, and in the absence of a statutory provision for the *imposition* of an alternative form of statement of facts, the remedy for that appellant, who was denied an adequate record for appeal, was reversal. 586 S.W.2d at 553. In an approach similar to that of the *Contreras* majority, in *Ex parte Mays,* 510 S.W.2d 606 (Tex.Cr.App. 1974), an indigent appellant was held to be entitled to a new trial because the statement of facts was unavailable for the record. Although the court reporter for Mays' trial had completed a transcription of his notes and delivered it to Mays' court-appointed attorney, the transcription was never filed with the clerk. Even so, the issue of diligence was not addressed in *Mays;* new trial was granted because the court reporter's notes could no longer be found. It has been said that a party, indigent or not, must exercise due diligence in securing a statement of facts. *Castillo v. State,* 571 S.W.2d 6 (Tex.Cr.App.1978); *Hoagland v. State,* 541 S.W.2d 442 (Tex.Cr.App.1976); *Weeks v. State,* 521 S.W.2d 858 (Tex.Cr. App.1975). See also: *Rhoda v. State,* 514 S.W.2d 937 (Tex.Cr.App.1974); *Hogan v. State,* 572 S.W.2d 526 (Tex.Cr.App.1978). The convictions in *Castillo, Hoaglund,* and *Weeks* were affirmed in the absence of the statement of facts because those appellants failed to exercise due diligence in filing affidavits establishing indigency and the right to a free statement of facts. A comparison of those cases with the analysis adopted by the majority in *Contreras* and *Mays* suggests that, if the rule of diligence is applied to an indigent, the standard may differ from that articulated in *Timmons* as applicable to a non-indigent. The language

of the *Weeks* opinion even states that, "it is incumbent upon a defendant to exercise due diligence to procure a transcription of the court reporter's notes *by filing a pauper's oath.*" 521 S.W.2d at 862 [emphasis added]. The language of the statute makes no distinctions based on financial status, and certainly this court would not countenance an uneven application of the law. We conclude that the *Timmons* rule of diligence, a more recent decision than *Weeks* and supported by a long line of authority cited at 586 S.W.2d 512, is applicable to indigents and non-indigents alike. Accord: *Wade v. State,* 627 S.W.2d 777 (Tex.App.—Waco 1981). In the instant case Appellant has demonstrated due diligence in establishing his indigency and requesting a statement of facts. The question remains whether the second prong of the rule of diligence articulated in *Timmons* is satisfied, i.e., has Appellant shown that the failure to file or have a statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of Appellant and his attorney? In our opinion a person of ordinary prudence would not delay 123 days after giving notice of appeal to contact the court reporter when the statute fixes responsibility upon the appellant to obtain the statement facts from the reporter and file it with the clerk not later than sixty days after notice of appeal. The record before us reflects no request for extension of time for filing the statement of facts. There is nothing in the record or even in Appellant's brief to suggest that counsel ascertained the identity of the court reporter or made any attempt whatsoever to contact the reporter prior to the expiration of the time for filing the statement of facts. In our opinion Appellant has not demonstrated that the unavailability of the requested statement of facts is not due to the negligence, laches, or other fault on the part of Appellant and his attorney. Therefore, Appellant is not entitled to reversal. In addition, we note that Appellant did not file with the clerk a designation of material for inclusion in the record but merely included in his affidavit of indigency a prayer for the court to direct the court reporter to

prepare a statement of facts. Tex.Code Crim.Pro.Ann. art. 40.09 § 2 (Vernon Supp. 1982) provides, in pertinent part, as follows:

> Each party may file with the clerk a written designation specifying matter for inclusion in the record. The appellant shall file his designation within 20 days after the giving notice of appeal.... The *failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter is not timely filed.* [Emphasis added.]

Furthermore, although the record lacks a statement of facts it reveals that Appellant entered a guilty plea and signed a stipulation of evidence establishing his guilt. When a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivations of federal due process are waived. *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Cr.App.1972); *Galitz v. State,* 617 S.W.2d 949, 952 (Tex.Cr.App.1981).

We affirm.