**William C. BALDWIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–87–00291–CR.

Court of Appeals of Texas, San Antonio.

Aug. 10, 1988.

Rehearing Denied Sept. 7, 1988.

Elton V. Amburn, Jr., Ingram, for appellant.

David Marshall Motley, Asst. Co. Atty., Kerrville, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

OPINION

CHAPA, Justice.

This is an appeal by appellant, William C. Baldwin, from a conviction by the trial

court for the offense of driving while intoxicated. Punishment was assessed at one year in jail probated for two years, thirty days in jail, and a $100.00 fine.

The issues are

1) whether reversal is required because appellant has been deprived of a complete statement of facts; and

2) whether the trial court erred in allowing appellant to represent himself in the absence of a valid waiver of his right to counsel.

The record reflects that prior to the trial, appellant insisted upon having a layman appointed as his legal counsel. The trial judge properly offered to appoint a licensed attorney to represent appellant, properly warned appellant as to the advantage of a licensed attorney representing him, and properly admonished appellant that should he represent himself, he would be required to follow all procedural rules as licensed attorneys are required to do without assistance of the court. Appellant nevertheless refused the appointment of a licensed attorney, still insisting on a layman as his appointed counsel. The trial court refused to appoint a layman and proceeded to inquire into the background of appellant in conjunction with permitting him to represent himself. Convinced appellant's background indicated he could defend himself and that appellant had knowingly, intelligently, and voluntarily waived the appointment of a licensed attorney to represent him, the court permitted the appellant to proceed pro se. However, when appellant was requested to sign a written waiver of his right to counsel, he refused.

The record, however, reflects a statement of the trial judge indicating prior pretrial conferences pertaining to the appointment of a layman as appellant's trial counsel. Those conferences do not appear as part of the record. This has resulted in appellant's complaint on appeal that he was not furnished a complete statement of facts.

When the appeal was initiated, this Court ordered a hearing to explain absent appellate briefs. The hearing record reflects appellant admitted under oath that prior to trial, although he was not indigent, the trial court had offered to appoint him a licensed attorney which he had refused. The record further reflects the trial judge, as requested by the appellant, appointed a licensed attorney to represent appellant on appeal.

■ Initially, appellant complains that he has not been furnished a complete statement of facts because the pretrial conferences mentioned by the trial judge do not appear in the statement of facts and cites *Gamble v. State,* 590 S.W.2d 507 (Tex. Crim.App.1979). We disagree.

Appellant's reliance on *Gamble v. State, supra,* is misplaced. In *Gamble,* the court held that the appellant had complied with his appellate burden in establishing a violation of Art. 40.09(4)[1] by bringing a record before the court which reflected that although appellant had requested the court reporter take down the arguments during trial and later include them in the appeal record, it was not done.

The case before us differs considerably. The appellant here does not allege nor does the record reflect that he requested the conferences be recorded at all. Indeed, the insinuation is that the conferences were informal and dealt with the persistent refusal of the appellant to permit the appointment of a licensed attorney to represent him which is covered extensively by the record. Further, the holdings of the Texas Court of Criminal Appeals pertaining to the application of Art. 40.09(4) consistently required that the appellant show his diligence by bringing his request for the court reporter to record part of the proceeding to the attention of the trial judge before relief would be granted. *Schneider v. State,* 645 S.W.2d 463 (Tex.Crim.App.1983) (en banc); *Wells v. State,* 578 S.W.2d 118 (Tex.Crim. App.1979). We see no reason why this should change under the present TEX.R. APP.P. 50.

"Even pro se litigants are subject to applicable rules of procedure." *Minjares v.*

---

1. Presently TEX.R.APP.P. 50.

*State,* 577 S.W.2d 222, 224 (Tex.Crim.App. 1978).

It is well settled that the burden is on an appellant to establish that he had been deprived of his statement of facts. *Couch v. State,* 158 Tex.Cr.R. 292, 255 S.W.2d 223, 224 (1953). To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. *Randolph v. State,* 155 Tex.Cr.R. 432, 234 S.W.2d 235 (1950); *Little v. State,* 131 Tex.Cr.R. 164, 97 S.W.2d 479 (1936); *Roberts v. State,* 62 Tex.Cr.R. 7, 136 S.W. 483 (1911).

*Timmons v. State,* 586 S.W.2d 509, 512 (Tex.Crim.App.1979).

Appellant has failed to present a record which shows due diligence on his part and has thus failed in his burden. The point is overruled.

 The final complaint alleges that the trial court erred in allowing appellant to represent himself "in that there was no valid waiver of his right to counsel." Appellant specifically contends that the trial court failed to properly admonish appellant as required by the law before permitting him to represent himself. We disagree.

The record reflects the trial judge sufficiently admonished appellant as to the benefits of having a licensed attorney appointed to represent him and of what would be expected of the appellant should he desire to proceed pro se. Although appellant insisted he was not indigent, the trial judge repeatedly tried to convince the appellant to accept a licensed attorney, which appellant repeatedly rejected.

Appellant also contends he did not effectively waive his right to counsel because he refused to sign the waiver of counsel, and because he insisted that a layman be appointed as his counsel. We disagree.

It is clear from the record that appellant was firm in refusing any licensed attorney to represent him at the trial. The trial judge's patient efforts to convince appellant of what would benefit him fell repeatedly upon deaf ears. The trial judge correctly concluded the appellant had effectively waived his right to a licensed attorney whether he signed the waiver of counsel or not.

 Appellant's insistence that an unlicensed layman be appointed his attorney during the trial was properly denied by the trial judge.

TEX.GOV'T CODE ANN. § 81.102 (Vernon 1988) prohibits unlicensed persons to practice law in the State. Should the trial judge have granted appellant's request to appoint a layman as his attorney, he would have not only violated § 81.102 but would have violated the purpose for appointing an attorney for an accused in the first place. It is axiomatic that a licensed attorney is appointed to represent an indigent accused in order that he have assistance in defending himself by an individual qualified in the practice of law. Nothing would be served by appointing a layman to represent the appellant. The point is overruled.

The judgment is affirmed.