In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00203-CR


______________________________




ROBIN K. OTWELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 97-F-107-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Robin K. Otwell has appealed from the revocation of his community supervision. In 1997
Otwell was placed on community supervision for two separate offenses of felony driving while
intoxicated. In 2001 he was arrested in Arkansas for driving while intoxicated, and the State filed
a motion to revoke his community supervision. Otwell pleaded true to the State's allegations. The
trial court revoked his community supervision and sentenced him to eight years' imprisonment, to
run concurrently for the two offenses. Otwell was represented by appointed counsel at trial and by
different appointed counsel on appeal. 

 Counsel filed a brief on May 10, 2002, under the mandate of Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim.
App. 1980), and has accordingly also filed a motion to withdraw. Counsel sent Otwell a copy of the
brief and advised Otwell by letter that he believes there are no arguable contentions of error and
informed Otwell of his right to review the record and file a brief pro se. 

 Pursuant to a request by counsel, we granted Otwell until June 12, 2002, to file his appellate
brief. No brief has been filed, and Otwell has not sought additional time in which to prepare a brief. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). He also reviewed the representation by appointed counsel at trial as reflected by the record
and has concluded the record does not suggest counsel was ineffective. Counsel concluded from his
review of the record there is no arguable point of error to support the appeal. 

 We have likewise reviewed the record and agree with counsel there are no arguable points
of error in this case.

 We affirm the judgment of the trial court. 



 Ben Z. Grant

 Justice


Date Submitted: August 21, 2002

Date Decided: August 30, 2002


Do Not Publish



d="false" Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00193-CR

                                                ______________________________

 

 

                                PAMELA DAWN BAGGETT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the Fourth
Judicial District Court

                                                              Rusk County, Texas

                                                         Trial Court
No. CR10-053

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Pamela Dawn
Baggett appeals her conviction upon an open plea of guilty for DWI, and
enhanced sentence of twenty-five years imprisonment.  On appeal, Baggett challenges the sufficiency
of the evidence to substantiate [her] guilty plea as required by Article 1.15
of the Texas Code of Criminal Procedure. 
We reverse the trial courts judgment and remand for a new trial. 

            Under
Article 1.15, the State is required to introduce evidence demonstrating the
defendants guilt.  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005).  A judicial confession
alone is usually sufficient to satisfy the requirements of Article 1.15 so
long as it embraces every constituent element of the charged offense.  Menefee
v. State, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009).  A judicial confession that omits an element
of the offense is insufficient to support a guilty plea.  Id.  A guilty plea, even if the defendant states
that he or she is pleading guilty to the charges in the indictment under oath,
does not constitute a judicial confession because the defendant is merely
entering a plea, not confessing to the truth and correctness of the indictment
or otherwise providing substance to the plea. 
Id. at 13, 15.  No trial court is authorized to render a
conviction in a felony case, consistent with Article 1.15, based upon a plea of
guilty without sufficient evidence to support the same.  Id. at
13 (quoting Tex. Code Crim. Proc. Ann. art. 1.15).  

            In this case, the State concedes
that it did not offer a written stipulation of evidence, and there are no
written plea papers in the record.  Our
review of the record reveals only the following exchange with respect to the
charged offense:

            THE COURT:             Its charged or alleged that you did on or about the 1st
day of August 2009, [in] Rusk County, Texas, did then and there operate a motor
vehicle without the normal use of your mental or physical faculties due to the
introduction of alcohol or drugs or a combination thereof into your body.  How do you plead to that, guilty or not
guilty?

 

            THE
DEFENDANT:  I plead guilty. 

 

After this exchange, Baggett pled true to two prior instances
of DWI.  After the trial court admonished
her on the range of punishment, the court accepted Baggetts plea and found her
guilty of third degree felony DWI. 
Although the States brief states [t]he law required more than an
answer to the question what is your plea Guilty or Not Guilty, there is no
allegation that the State offered any evidence of the crime or that Baggett
pled guilty because she had, in fact, committed the offense.  Instead, the State appears to argue that
Baggetts plea was knowing and voluntary. 
This is not the inquiry.

            Article
1.15 [b]y its plain terms . . . requires evidence in addition to, and
independent of, the plea itself to establish the defendants guilt.  Id. at
14.  [P]leading guilty to the charges in
the indictment does not constitute a judicial confession and does not otherwise
supply evidence, in whole or in part, sufficient to support the plea under
Article 1.15.  Id. at 1718.  The failure to
comply with the rather unique Texas statute does not constitute a federal
constitutional violation.  Bender v. State, 758 S.W.2d 278, 28081
(Tex. Crim. App. 1988).  Evidentiary
insufficiency to support a guilty plea is trial error that does not result in
acquittal.  Id. 


            Since
the failure to present sufficient evidence to support the finding of guilt
was not raised at trial, we must decide whether the failure to object to the
trial courts finding of guilt is properly presented for review.  The Texas Court of Criminal Appeals has
delineated three distinct rules for preservation of error:  absolute or systemic requirements and
prohibitions, the violations of which can never be waived or forfeited; rights
that are waivable; and rights which are implemented only upon request.  Marin
v. State, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993).  By statute, our law requires that upon the
entry of a plea of guilty, it shall be necessary to introduce evidence into
the record showing the guilt of the defendant . . . .  Tex.
Code Crim. Proc. Ann. art. 1.15.  Further,
in no event shall a person be convicted upon his plea without sufficient
evidence to support the same.  Id. 
Several cases have discussed the history of this provision recounting
that before 1931, a conviction for a felony offense could not be obtained
without a jury verdict.  Ex parte Williams, 703 S.W.2d 674, 678
(Tex. Crim. App. 1986).   In 1931, the
statute was amended to allow a plea of guilty and waiver of jury trial and,
since no jury would pass on the defendants guilt, the statute required the State
to produce sufficient evidence to support a finding of guilt.  Id.
(citing Franklin v. State, 140 Tex.
Crim. 251, 144 S.W.2d 581 (1940)).  We
find this statutory directive falls within the absolute or systemic requirement
category by its requirement that in no event shall a person be convicted on
his or her plea without sufficient evidence to support it.  A claim of error for noncompliance with it is
not forfeited or waived by the failure to object.[1]  No other evidence supports the plea and
finding of guilt; we conclude error is shown. 

            The
final issue is whether this error should be evaluated for harm.  Unless the error is a structural error,
"it is the responsibility of the reviewing court, once it concludes there
was error, to determine whether the error affected the judgment."  Ford v.
State, 73 S.W.3d 923, 925 (Tex. Crim. App. 2002) (plurality opinion) (citing
Johnson v. State, 43 S.W.3d 1, 5
(Tex. Crim. App. 2001)).  In rare
instances, an error is of such magnitude that it cannot be evaluated for harm;
these errors are structural ones which affect the framework within which the
trial proceeds, rather than simply an error in the trial process.  Mendez
v. State, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (citing Arizona v. Fulimante, 499 U.S. 279, 309
(1991)).  A structural error defies a
harm analysis and requires reversal without a harm analysis.  Very few errors are classified as structural
errors (e.g., total deprivation of counsel, lack of impartial judge, unlawful
exclusion of grand jurors of defendants race, right of self-representation at
trial, right to public trial, and erroneous reasonable doubt instruction to
jury).  Id.  

            By directing
the Tyler court to conduct a harm analysis in a similar instance, the Texas
Court of Criminal Appeals found that an error due to insufficiency of evidence
to substantiate a guilty plea under Article 1.15 was not a structural error and
was subject to a harmless error analysis under Rule 44.2(b) of the Texas Rules
of Appellate Procedure.  Menefee, 287 S.W.3d at 18 n.48.   Pursuant
to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that
does not affect appellant's substantial rights must be disregarded.  Haley v.
State, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 44.2(b)).  A
substantial right is affected when the error had a substantial and injurious
effect or influence in determining the [fact-finder's] verdict.  Id.;
Morales v. State, 32 S.W.3d 862, 867
(Tex. Crim. App. 2000).  A criminal
conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as [a] whole, has fair assurance
that the error did not influence the [fact-finder], or had but a slight
effect.  Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Here, we examine the entire record for
evidence of Baggetts guilt.  

            The record
before us is devoid of any independent evidence to substantiate Baggetts
guilt.  At the sentencing hearing,
Baggett testified that she was not intoxicated, and argued the State  did
not have any evidence on me.  [W]here the
defendant enters a plea of guilty to the court . . . the state is required to
introduce evidence showing the guilt of the defendant, and if the state fails
in this respect the defendant is entitled to a new trial.  Spivey
v. State, 140 Tex. Crim. 107, 143 S.W.2d 386, 387 (1940); Moon v. State, 572 S.W.2d 681, 692 (Tex.
Crim. App. 1978).  

            

 

 

 

 

 

 

            We reverse the judgment of the trial
court and remand for a new trial. 

 

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date
Submitted:          April 14, 2011 

Date
Decided:             April 28, 2011

 

Publish            











[1]After
remand from the Texas Court of Criminal Appeals, the Tyler Court of Appeals
held that the Article 1.15 requirements are absolute and a sufficiency
challenge based on that statute was not forfeited by failure to raise the issue
at the trial court.  Menefee v. State, No. 12-07-00001-CR, 2010 Tex. App. LEXIS 6665, at
*14 (Tex. Crim. App. Aug. 18, 2010) (mem. op., not designated for
publication).  The opinion is unpublished
and not binding, but we agree with the reasoning employed by the Tyler
court.