### GEORGE IOVANOVICH v. THE STATE.

#### No. 2806.   Decided November 26, 1913.

**1.—Theft by Bailee—Sufficiency of the Evidence.**

In the absence of a statement of facts, where the indictment charges an offense under our laws, this court must presume that the trial court charged the law and all the law applicable to the evidence introduced.

**2.—Same—Statement of Facts—Want of Diligence.**

Where the record on appeal disclosed that appellant at no time presented a statement of facts to the trial judge, he was not entitled to have his case reversed because he was deprived of a statement of facts.

Appeal from the District Court of Tarrant.   Tried below before the Hon. R. H. Buck.

Appeal from a conviction of theft by bailee; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of theft by bailee, and his punishment assessed at four years confinement in the State penitentiary.

There is no statement of facts nor any bills of exception in the record, consequently no question presented in the motion for a new trial that can be reviewed by us.   The indictment charges an offense under our laws, and in the absence of a statement of facts we must presume the court charged the law and all the law applicable to the evidence introduced.

Appellant's counsel has filed an affidavit stating that it was through no fault or negligence on the part of appellant or his counsel that he had been deprived of a statement of facts, and asks that the case be reversed because he has been deprived of a statement of facts.   Appellant's counsel in the affidavit states he prepared a statement of facts and presented it to the assistant county attorney for examination and approval, but that such official, although frequently promising so to do, never acted on and never returned to him the statement of facts.   If this was all the law required him to do, then he would be entitled to a reversal.   But the law provides that before he will be entitled to have his case reversed because of failure to secure a statement of facts, he must in addition to furnishing the county attorney a copy, when they fail to or do not agree upon the statement of facts he must then present to the judge a copy of the statement of facts, and ask the trial judge to prepare and file a statement in the event he does not find the one presented to him to be correct.   Appellant at no time presented a statement of facts to the trial judge, and under such circumstances he is not entitled to have his case reversed on that ground.

The judgment is affirmed.                              *Affirmed.*