## O. W. WEBB V. THE STATE.

No. 11393. Delivered February 29, 1928.

Rehearing denied April 4, 1928.

Second motion for rehearing denied May 2, 1928.

1.—**Robbery With Firearms—Bills of Exception—Filed Too Late—Cannot Be Considered.**

None of appellant's bills of exception were filed within the time provided by law, and cannot therefore be considered. The evidence being sufficient to support the conviction, the judgment is affirmed.

### ON REHEARING.

2.—**Same—Bills of Exception—Diligence in Filing—Rule Stated.**

Bills of exception, under all our authorities must be followed up by those interested in having them filed. Merely turning them over to the judge, and attempting to make him the agent of appellant for such filing is not diligence. In the instant case, no excuse or reason appears for not presenting the bills to the trial court sooner, and for not having them approved and filed. See Riojas v. State, 36 Tex. Crim. Rep. 182, and other cases cited in opinion on rehearing.

### SECOND MOTION FOR REHEARING.

3.—**Same—Second Motion for Rehearing—Leave to File Denied.**

Appellant asks leave to file a second motion for rehearing in this cause. All questions raised have been fully discussed and, we think, correctly disposed of in the opinion of Justice Lattimore on the original motion for rehearing and leave to file second motion is therefore denied.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for robbery with firearms, penalty ten years in the penitentiary.

The opinion states the case.

*J. W. Culwell* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, for the state.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, ten years in the penitentiary.

None of appellant's bills of exception were filed within the time provided by law and no question is presented for review except the sufficiency of the evidence. This, in our opinion, being sufficient to support the verdict of the jury, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Effort is made in connection with appellant's motion to show excusing cause for failure to have his bills of exception filed within time. We have considered the affidavits appended to the motion, viz.: of the trial judge, the district clerk, and counsel for the appellant, together with the original bills which also accompany the motion, but regret that we are unable to conclude same show cause sufficient to excuse said failure. The motion for new trial was overruled July 2nd and an order made allowing eighty days from said date in which to file bills of exception, which time expired September 20th. The bills were filed October 1st, ten days too late. The clerk's affidavit attached to this motion shows that he filed the bills the day they were brought to him, but he does not remember who brought same. The affidavit of the judge shows that he has no independent recollection of when said bills were presented to him, nor when same were approved, nor to whom he delivered them after approval. Appellant's attorney makes affidavit that he delivered said bills to the court on September 14th, and that only twice thereafter (date not given) did he speak to the court about them, on each of which occasions the court told him he had not approved them but would do so and file them with the clerk. The bills of exception appear to have been approved on September 15th; in fact the original bills considered with the affidavits accompanying the motion, present a strange situation.

Examination of said bills shows that four of them were approved on September 30th, and one on September 27th, the entry of such approval being in ink and in the handwriting of the trial judge. At some time evidently after the entry of these dates, same were cancelled by the drawing of lines through said dates, and the figures 15 were written in as the date of the approval. If in fact these bills were approved on the dates originally appearing, it would plainly manifest negligence on the part of appellant as having failed to follow up his bills and see that they were approved. We can not understand or sanction such practice as the changes made in these bills indicate. If the bills were in fact approved on September 15th by the trial court, it would be inexcusable and neglect on the part of appellant to permit them to lie in the office of the trial judge for sixteen days thereafter, before filing. Bills of exception under all our authorities must be followed up by those interested in having them filed. Merely turning them over to the judge and attempting to make him the agent of appellant for such filing is not diligence. Riojas v. State, 36 Tex. Crim. Rep. 182; Sullivan v. State, 62 Tex. Crim Rep. 410; Chavario v. State, 161 S. W. 972; Gowan v. State 164 S. W. 6; Sorrell v. State, 186 S. W. 344. No excuse or rea son appears for not presenting the bills to the trial court sooner Nothaf v. State, 91 Tex. Crim. Rep. 378. The attorney for accused has no right to attempt to make another his agent and excuse himself for the negligence of such other. Riley v. State 95 Tex. Crim. Rep. 539. As to the strictness of the diligence demanded see Dyer v. State, 96 Tex. Crim. Rep. 301. No effort is shown to obtain from the court an additional extension of time. Wilson v. State, 98 Tex. Crim. Rep. 319; Kennedy v. State, 99 Tex. Crim. Rep. 167.

Being of the opinion that the record fails to show diligence sufficient to excuse the failure to file said bills of exception within the time allowed, the motion for rehearing will be overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

MARTIN, JUDGE. — We have carefully examined appellant's motion for leave to file second motion for rehearing. All questions raised have been fully discussed and, we think, correctly disposed of in the opinion by Justice Lattimore on original motion for rehearing.

Appellant's said application is therefore denied. *Denied.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.