Luciano Moreno and Herbert Guzman v. The State.

No. 12603.   Delivered May 29, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment assessed against Luciano Moreno is four years in the penitentiary and that assessed against Herbert Guzman two years in the penitentiary.

The motion for new trial was overruled December 15, 1928, and notice of appeal given on the same date.   The bills of exception and statement of facts were filed March 22, 1929, which was more than 90 days after the date of giving notice of appeal.   The record contains the affidavit of appellant's attorney with a letter from the district attorney attached thereto wherein it is sought to show that there

was no lack of diligence on the part of appellant in securing the approval and filing of the statement of facts and bills of exception within the time required by law. It is the position of the state's attorney that proper diligence on the part of appellant or his attorney is not disclosed and motion is made that we strike the statement of facts and bills of exception from the record. The affidavit referred to reads as follows:

"Now comes B. F. Patterson, who after being duly sworn deposes and says as follows: That he mailed two copies of the Statement of Facts and five Bills of Exceptions to the Hon. Geo. C. Westervelt, Corpus Christi, Texas, same being registered mail and insured, Post Office receipt being No. 5046, and of date March 9th, 1929. Affiant says further that he did not receive by return said instruments, that is the Bills of Exceptions and Statements of Facts until March 20th, 1929 and same is being mailed to the Clerk of the Criminal District Court of Nueces County, Texas, to be filed without delay as soon as the same could be examined. A letter from the District Attorney of said Criminal District Court is hereto attached as part of the record in this cause. Affiant further states that he did not know that said District Attorney was not in Corpus Christi, Texas, on the day said Bills of Exceptions and Statement of Facts were mailed to him.

"B. F. Patterson.

"Subscribed and sworn to before me, this the 21st day of March, A. D. 1929. Simon Davila, Notary Public in and for Bexar County, Texas."

The letter attached omitting the address and signature is as follows:

"Upon my return to Corpus Christi last Saturday, March 16th, for the weekend from Brownsville, in attendance upon regular term of our Criminal District Court at the latter place, I found and opened two rolls of papers, containing your letters of March 9th and 11th, respectively, accompanying bills of exceptions and statement of facts, and copy of the latter, all of which you addressed to me at Corpus Christi, but failed to send them first class mail, and consequently were not forwarded and did not reach me until March 16th, and I have signed the statement of facts as of the date received, March 16th. Judge Cunningham was not in Corpus Christi last Saturday, as he lives in Harlingen, Texas, and our court being in session at Brownsville, I brought these papers to Brownsville with me Sunday, March 17th, and presented them to Judge Cunningham the

first thing this morning (Monday), and being the first opportunity I've had to hand these papers to Judge Cunningham, in accordance with your request contained in your letter of the 9th inst., and now I am returning these papers to you herewith, as per your request."

Merely turning bills of exception and statement of facts over to the district attorney and attempting to make him the agent of appellant for filing such instruments is not diligence. The attorney for the accused has no right to attempt to make another his agent and excuse himself for the negligence of such other. Webb v. State, 4 S. W. (2d) 45. It is obligatory upon counsel for appellant to follow up the bills of exception and statement of facts and see that they are approved and filed. Chavario v. State, 161 S. W. 972. Being of the opinion that the record fails to show that appellant used diligence sufficient to excuse the failure to file his bills of exception and statement of facts within the time required by law, the state's motion to strike said instruments from the record must be sustained. Article 760 C. C. P.

No question being presented for review, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.