### ROY CHUMBLEY V. THE STATE.

No. 20498. Delivered October 25, 1939.

The opinion states the case.

*Ed Hoover, Jr.,* of Canadian, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for sale of intoxicating liquor in dry area. The punishment assessed is a fine of $100.

The record is before us without a statement of facts. It

492

appears from a motion filed by appellant, duly verified as required by law, that he prepared a statement of the facts and submitted the same to the county attorney for his approval. The county attorney declined to agree that the same was a full, fair and complete statement in narrative form of the facts proved upon the trial, and promised to prepare one, but failed to do so. Appellant acting through his attorney advised the court of the situation and requested the county judge (who presided at the trial) to prepare and file a statement of facts. He agreed to do so within the time alloted by law but failed.

From the entire record, it it apparent to us that appellant used all the necessary diligence to have a statement of the facts filed in time, and that he has been deprived of such statement through no fault of his own or that of his attorney. He asserts in his motion that he made some fifteen separate requests of the trial judge to prepare the statement, and that on each occasion he was promised that the same would be ready in sufficient time to be filed.

Every person who takes an appeal from a conviction of the county or district court over which this court has been given jurisdiction is legally entitled to have his cause reviewed. To deprive him of a statement of the facts is tantamount to a denial of the right of review of his case by this Court guaranteed to him by law. See Gilley v. State, 13 S. W. (2d) 707-708; 4 Tex. Juris. Sec. 312, p. 450; McHenry v. State, 61 S. W. 311; Bingham v. State, 37 S. W., 755; Gholston v. State, 133 Tex. Crim. Rep., 615. Because of this deprivation, we feel impelled by a consciousness of right and justice to reverse and remand the cause.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.