## C. O. RANDOLPH V. STATE.

No. 24930. November 1, 1950.
Rehearing Denied December 6, 1950.
Second Motion for Rehearing Denied February 7, 1951.

*Boling, Smth & Allen,* by *S. P. Boling,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

HAWKINS, Presiding Judge.

Appellant was convicted of possessing in Lubbock County, Texas, intoxicating liquor for the purpose of sale, and the jury assessed his punishment at a fine of two hundred dollars, it being alleged that Lubbock County was dry area. From this conviction appellant gave notice of appeal.

The record is before this court without statement of facts or bills of exception.

By affidavit appellant for the first time now claims that he has been deprived of his bills of exception and statement of facts without fault or negligence on his part.

The purported bills of exception are not brought forward and we are not in fact able to determine whether appellant, in fact, has been injured.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The judgment on the verdict of the jury was rendered on November 29, 1949, and motion for new trial was overruled, and notice of appeal given on December 3, 1949, the order allowing appellant 90 days for filing statement of facts and bills of exception.

Appellant seeks to avoid the consequences of his failure to file such statement of facts and bills of exception within the time allowed. He alleges that he has been deprived of a statement of facts and bills of exception through no fault of his own, but due to the acts and failures of the trial judge and the county attorney.

The motion for rehearing alleges that within the 90 day period allowed, appellant prepared a statement of facts and seven bills of exception, the statement of facts being certified by the court reporter. That appellant's counsel signed and delivered such statement of facts and bills of exception to the county judge and took his receipt therefor. That thereafter he requested the judge and the county attorney to either approve the same or else prepare their own within the 90 day period.

It appears that no further action was taken by the trial judge or the county attorney, until long after the expiration of the 90 day period.

Appellant's counsel likewise took no action within the 90 days other than to inquire "of the county judge's office" as to what action, if any, had been taken.

Where it is shown that an appellant has been deprived of a statement of facts or bills of exception, he is entitled to a reversal for want of such statement of facts, provided that it is through no fault of appellant or his counsel that he has been so deprived of a proper record for appeal. See Trammel v. State, 1 Tex. App. 121; Chumbley v. State, 137 Tex. Cr. R. 491, 132 S.W. 2d 417.

We have held, however, that it is not sufficient for the accused's attorney to timely present his bills of exception and statement of facts to the trial judge. He must go further and see that they are approved and filed in time. See Moreno v. State, 112 Tex. Cr. R. 598, 17 S.W. 2d 1062; Webb v. State, 109 Tex. Cr. R. 311, 4 S.W. 2d 45; Carpenter v. State, 83 Tex. Cr. R. 87, 201 S.W. 996.

Also, this court has held that the fact that the state's attorney failed to agree upon or failed to return a statement of facts submitted to him for approval is not grounds for reversal. See Iovanovich v. State, 72 Tex. Cr. R. 126, 161 S.W. 98.

Under the facts here, we are unable to agree that the want of a statement of facts or bills of exception is without fault of appellant or his counsel.

The motion for rehearing is overruled.

Opinion approved by the court.

### ON SECOND MOTION FOR REHEARING.

MORRISON, Judge.

In our opinion on motion for rehearing, we treated the facts set out therein as allegations. We intended to treat them as facts, and they were so considered. We disclaim any intention to question the correctness of the affidavit of appellant's attorney.

We remain convinced that this record does not reveal that appellant used all the diligence he could have exercised in order to secure his bills of exception.

Appellant's second motion for rehearing is overruled.