W. L. BRIDGES, SR., V. STATE

No. 34,054.   January 3, 1962
Motion for Rehearing Overruled February 28, 1962

*Robert B. Billings,* Dallas, *V. F. Taylor, Cofer & Cofer,* by *Douglass D. Hearne,* Austin, for appellant.

*Henry Wade,* Criminal District Attorney, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted upon his plea of guilty before the court without a jury of the offense of embezzlement of corporeal personal property of the value of $50, or over, and his punishment assessed at confinement in the penitentiary for a term of three years.

No statement of facts of the evidence adduced upon the trial accompanies the record and there are no bills of exception.

Appellant's sole contention on appeal is that the indictment

fails to charge an offense. Such contention is urged as fundamental error, appellant having filed no exception or motion to quash the indictment in the trial court.

The second count of the indictment under which appellant stands convicted, omitting the formal parts, charged that on or about the date alleged, the appellant:

"* * * was the agent, servant and employee of Hughes Imperial Funeral Insurance Company, a local Mutual Aid Association duly organized under the laws of the State of Texas, and the said W. L. Bridges, Senior, did then and there fraudulently embezzle, misapply and convert to his own use, without the consent of the said Hughes Imperial Funeral Insurance Company certain money, to wit, twenty thousand dollars which is of the aggregate value of over fifty dollars belonging to the said Hughes Imperial Funeral Insurance Company, which said money had come into the possession of, and was under the care of, the said W. L. Bridges, Senior, by virtue of such employment as such agent, servant and employee, as aforesaid, * * *"

The indictment follows the language of the statute defining the offense of embezzlement, Art. 1534, V.A.P.C. and is sufficient.

We overrule appellant's contention that the indictment is insufficient because it does not allege that appellant embezzled the money with the intent to deprive the owner of the use and benefit of the same. Such is not a necessary allegation in charging the offense of embezzlement. 16 Texas Jur., par. 134, p. 146; 21 Texas Jur. 2nd, par. 87, p. 682; Leonard vs. State, 7 Texas App. 417.

The judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

On rehearing, appellant makes certain contentions which he alleges are supported by the statement of facts and urges that this Court consider what purports to be a statement of facts for the first time. It does not appear to have been approved by the trial judge or prosecuting attorney and was not filed with the

clerk of the trial court as required by Article 759a, V.A.C.C.P., and the holding of this Court in Couch v. State, 255 S.W. 2d 223.

The affidavit of appellant and his counsel to the effect that the statement of facts was presented to the trial judge for approval on June 29, 1961, which was within the time allowed by the judge, does not show sufficient diligence; he must go further and see that it is approved and filed in time. Ex parte Denson, 165 Texas Cr. Rep. 420, 307 S.W. 2d 952; Randolph v. State, 155 Texas Cr. Rep. 432, 234 S.W. 2d 235; Webb v. State, 109 Texas Cr. Rep. 31, 4 S.W. 2d 45. There is no showing that appellant or his counsel gave the matter of the approval of the statement of facts any further attention after June 29, 1961.

The statement of facts before us therefore cannot be considered, and the motion for rehearing is overruled.