IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

NO. PD.-0150-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

DANNY RAY RANCHER,Appellant Pro Se

—v.—

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

JUL 10 2015

Abel Acosta, Clerk

PETITIONER'S MOTION FOR REINSTATEMENT OF STRICKEN PRO SE PETITION FOR DISCRETIONARY REVIEW PURSUANT TO TRAP.RULE 9.4(i)(2)(D);BECAUSE THE PRO SE PETITION IS NOT UNNECESSARILY LENGTHY ACTUALLY BEING TWO APPEALS AS CONSOLIDATED IN THE 9TH COURT OF APPEALS AND THE "PDR" PROCEDURE IS PART OF THE DIRECT REVIEW PROCESS FOR EXHAUSTION PURPOSESS AS DETERMINED BY BY THE UNITED STATES SUPREME COURT AND IN THE INTEREST OF JUSTICE PRESENTS CLAIMS THAT STATE JUDGEMENTS OF CONVICTIONS AND SENTENCES WERE BARRED BY THE TEXAS AND UNITED STATES EX POST FACTO CLAUSES WHICH ARE PERMITTED TO PROCEED FOR FIRST TIME ON "PDR" CITING:IEPPERT V. STATE,908 SW.2d. 217 (TEX.CR.APP. 1995); PHILLIPS V. STATE,NO.PD-1402-09 (TEX.CR.APP. 2011) AND SUCH AVENUE OF APPELLATTE REVIEW SHOULD BE KEPT FREE OF DISTINCTIONS TO IMPEDE OPEN AND EQUAL ACCESS TO COURTS ; EX POST FACTO CLAUSE VIOLATIONS IS A FEDERAL QUESTION THAT THE SUPREME COURT ALSO DETERMINES FOR ITSELF. USCA.CONST.ARTS.1§10,CL.1;CARMELL V. TEXAS,120 S.CT. 1620 (2000)

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES,DANNY RAY RANCHER, Petitioner Pro se in the above-entitled and numbered cause seeking Petition for Discretionary Review. And pursuant to USCA. Const. Arts.1§9,Cl.3, 1§10,Cl.1; USCA.Const. Amends. 1st,5th,14th; Tex. Const. Arts.1§16,5§5,1§13(Open Courts);Tex.Code Crim.Proc. Art.44.02;TRAP.Rules 2,9.4(4)-(j),38.4,66.1,68.2,69.1,70.3,73.1; FRAP.32.7(A); S.CT. Rules 13.1, 33.2(b). And files Motion for Reinstatement of Stricken Pro se Petition for Discretionary Review Pursuant to TRAP. Rule 9.4(i)(2)(D). Because the Pr so Petition is Not Unnecessarily lengthy being Actually Two Appeals Consolidated in the 9th Court of Appeals. And the "PDR" Procedure is Part of The Direct Review Process for Exhaust-

1.

ion Purposes as Determined by the United States Supreme Court, which Further in the Interest of Justice Presents claims in that the State Judgements of Convictions Were Barred by the Texas and United States Ex Post Facto Clauses That are Permitted to Proceed for the First Time on "PDR" citing: IEPPERT V. STATE, 908 SW.2d. 217 (TEX. CR.APP. 1995); PHILLIPS V. STATE, NO. PD-1402-09 (TEX.CR.APP. 2011). And Such Avenue of Appellate Review Should be Kept free of Distinctions to Impede Open and Equal Access to Courts; Ex Post Facto Clause Violations is a Federal Question that the Supreme Court Also Determines for Itself, in granting Petition for Writ of Certiorari, further citing CARMELL V. TEXAS, 120 S.CT. 1620 (2000). And in further support thereof would respectfully show this Honorable Court as follows:

I.

On June 10,2015, this Court entered the following ORDER, On Appellant's Petition for Discretionary Review from the 9th Court of Appeals Montgomery, PER CURIAM, Keasler and Hervey, JJ., dissenting:

"The petition for Discretionary Review violates Rule of Appellate Procedure 9.4-(i)(2)(D) because the petition exceeds the proper length."

"The Petition is struck. See Ru;e of Appellate Procedure 68.6.

"The petitioner may redraw the petition. The redrawn petition and copies must be filed in the Court of Appeals within Thirty days after the date of this Order."

Filed: June 10,2015
Do Not Publish. [ALL JUDGE MADE LAW BY DELAGATION FROM LEGISLATURE]

TRAP. 9.4(i)(2)(D),provides.FORM. except for the record, a document filed with an appellate court must-unless the court accepts another form IN THE INTEREST OF JUSTICE--be the following form:(i) Length; (2) Maximum Length. (D). . . "A Petition for Discretionary Review and Response in the Criminal Court of Appeals, 4,500 words if computer generated, and -15- pages if not." Cf. FRAP.Rule 32.7A)-brief -30- pages; S.CT. Rule 33.2(b) -40- pages for Petition for Writ of Certiorari; TRAP.Rule 38.4, Length of Briefs no longer than -50- pages,exclusive of contents.

TRAP.Rule 70.3, further provides:"BRIEF CONTENTS AND FORM;PROCEEDING IN THE COURT OF CRIMINAL APPEALS." "Briefs must comply with the requirements of Rules 9 and 38.

TRAP. Rule 73.1(d) Form for 11.07 Application's Memorandum, provides: "The Memorandum Shall comply with these rules and shall not exceed 15,000 words if computer generated or -50- pages if not."

TRAP. 9.4(4) provides:EXTENSIONS." A Court may,on motion permit a document that exceeds the prescribed limit." Then pursuant to 9.4(4)(j) the Clerk of this Court never returned any nonconforming "PDR" to this filing party after same were stricken.

TEX.CODE CRIM.PROC. ART. 44.02, as Legislative enactment, Statutorily provides: "A DEFENDANT IN ANY CRIMINAL ACTION HAS THE RIGHT TO APPEAL UNDER THE RULES HEREINAFTER PRESCRIBED." "Every person who takes an appeal from a conviction from a . . . district court over which the Court of Appeals has jurisdiction is legally entitled to have his cause reviewed." CHUMBLEY V. STATE, 132 SW.2d. 417 (CR.APP. 1939).

2.

"Legislature has power to make proper exceptions to right of appeal, and regulate appellate jurisdiction of Court of Criminal Appeals." See DE SILVA V. STATE, 267 SW. 271 (CR.APP. 1924); "The right of appeal is a valauble right and should be denied only where express mandate of law so provides." YOUNG V. STATE, 172 SW.2d. 500 (CR.APP. 1943).

"Right to appeal in criminal case is statutory right and jurisdiction of Criminal Appeals is subject to such exceptions and limitations as may be prescribed by law." EX PARTE SPRING, 586 SW.2d. 482 (CR.APP. 1978); "Every Individual convicted of crime has statutory right to an appeal." JOHNSON V. STATE, 885 SW.2d. 641 (APP.10-DIST. 1994).

"The right of a convicted defendant to appeal exists independent of statute being given by the Constitution; even if rules are not provided by legislation for its exercrise,or impossible conditions are imposed upon its exercise,yet the right will be sustained." See REPUBLIC OF TEXAS V. SMITH, DALLAM, 407; LATURNER V. STATE, (1853) 9 TEX. 451. "It is not whether the appeal is precluded by lawmbut whether the appeal is authorized by law." ABBOTT V. STATE, 271 SW.3d. 694 (2008).

"An agency cannot by rule do what Congress by statute precludes." MARSHALL V. GIBSON PRODUCTS,INC, OF PLANO, 584 F2d. 668 (5TH CIR. 1978).

TEX.CONST ART. 5§5(b) pertinent here provides: "THE APPEAL OF ALL CASES IN WHICH THE DEATH PENALTY HAS BEEN ASSESSED SHALL BE TO THE COURT OF CRIMINAL APPEALS. THE APPEAL OF ALL OTHER CRIMINAL CASES SHALL BE TO THE COURTS OF APPEALS AS PRESCRIBED BY LAW. "IN ADDITION,THE COURT OF CRIMINAL APPEALS MAY,ON ITS OWN MOTION,REVIEW THE DECISION OF A COURT OF APPEALS IN A CRIMINAL CASE AS PROVIDED BY LAW. "DISCRETIONARY REVIEW BY THE COURT OF CRIMINAL APPEALS IS NOT A MATTER OF RIGHT,BUT OF SOUND JUDICIAL DISCRETION."

"IN COURT OF CRIMINAL APPEALS' DISCRETIONARY REVIEW CAPACITY,IT REVIEWS "DECISIONS" OF THE COURTS OF APPEALS.TEX.CONST. ART.5§5;TEX.CODE CRIM.PROC.ART.44.45;TRAP. RULE 66.3. See STRINGER V. STATE, 241 SW.3d. 52 (TEX.CR.APP. 2007), reh.,denied,on remand 276 SW.3d. 95, "PDR" granted. "Following 1978 Amendments, Court of Criminal Appeals has jurisdiction to entertain applications for writs of common-law certiorari in appropriate cases. TEX. CONST. ART.5§5; TEX. CODE CRIM.PROC. ART. 4.04. EX PARTE BRAND, 822 SW.2d. 636 (TEX.CR.APP. 1992).

TRAP. Rule 66.1 provides" Discretionary Review With or Without Petition."

TRAP. Rule 68.1, provides: Discretionary Review With Petition." "EVEN THOUGH THERE IS NO RIGHT TO HAVE DISCRETIONARY REVIEW GRANTED BY THIS COURT,WE HAVE HELD THAT DUE TO THE VERY FACT THAT THE PROVISION EXISTS THERE IS A RIGHT TO MAKE A REQUEST TO THIS COURT."TRAP. RULE 66.2. See EX PARTE JARRETT, Id. 891 SW.2d. at 940 (TEX.CR.APP. 1995)

TEX.GOV. CODE § 22.108(a), pertinent here provides: "RULES OF APPELLATE PROCEDURE IN CRIMINAL CASE." "The Court of Criminal Appeals is granted Rulemaking Power to promulgate Rules of posttrail, appellate, and Review Procedure in Criminal Cases EXCEPT THAT ITS RULES MAY NOT ABRIDGE,ENLARGE,OR MODIFY THE SUBSTANTIVE RIGHTS OF A LITIGANT." See also TANGUMA V. STATE, 47 SW.3d. 663 (APP. 13-DIST. 2001), reh.overruled, "PDR" ref'd.

## II

"THE UNITED STATES SUPREME COURT CAN REVIEW ONLY JUDGEMENTS OF A STATE COURT OF LAST RESORT OR A LOWER STATE COURT IF THE "STATE COURT OF LAST RESORT HAS DENIED DISCRETIONARY REVIEW." SUP.CT.RULE 13.1. See GONZALES V. THALER, 132 S.CT. 641 (2012).

"IN ORDER TO SATISFY THE EXHAUSTION REQUIREMENT,ILLINOIS PRISONER WAS REQUIRED TO PRESENT HIS CLAIMS TO ILLINOIS SUPREME COURT BEFORE FILING PETITION FOR FEDERAL HABEAS RELIEF,AVEN THOUGH REVIEW BY THE STATE SUPREME COURT "WAS DISCRETIONARY AND ONE-

FACTOR COURT WAS TO CONSIDER IN EXERCISING ITS "DISCRETION" WAS GENERAL IMPORT- ANCE OF QUESTION PRESENTED; "ALTHOUGH STATE PRISONER DID NOT HAVE RIGHT TO REV- IEW BY STATE SUPREME COURT, HE HAD RIGHT TO "RAISE" HIS CLAIMS BEFORE THAT COURT." See O'SULLIVAN V. BOERCKEL, 119 S.CT. 1728 (1999).

"BECAUSE THE EXHAUSTION DOCTRINE FOR FEDERAL HABEAS RELIEF IS DESIGNED TO GIVE THE STATE COURTS A FULL AND FAIR OPPORTUNITY TO RESOLVE FEDERAL CONSTITUTIONAL CLAIMS BEFORE THOSE CLAIMS ARE PRESENTED TO FEDERAL COURTS, STATE PRISONER MUST GIVE THE STATE COURTS ONE FULL OPPORTUNITY TO RESOLVE ANY CONSTITUTIONAL ISSUE BY INVOKING ONE COMPLETE ROUND OF THE STATE'S ESTABLISHED APPELLATE REVIEW PROCESS BEFORE FILING A HABEAS PETITION.Id, O'SULLIVAN, supra.

"WE ACKNOWLEDGE THAT THE RULE WE ANNOUNCE TODAY--REQUIRING STATE PRISONERS TO FILE "PETITIONS FOR DISCRETIONARY REVIEW WHEN THAT REVIEW IS PART OF THE ORDINARY APPELLATE REVIEW PROCEDURE IN THE STATE"-- HAS THE POTENTIAL TO INCREASE THE NUMBER OF FILINGS IN STATE SUPREME COURTS. WE ALSO RECOGNIZE THAT THIS INCREASED BURDEN MAY BE UNWELCOM IN SOME STATE COURTS BECAUSE THE COURTS DO NOT WISH TO HAVE THE OPPORTUN- ITY TO REVIEW CONSTITUTIONAL CLAIMS BEFORE THOSE CLAIMS ARE PRESENTED TO A FEDERAL HABEAS COURT," Id, O'SULLIVAN, supra.

. . . "THE EXHAUSTION DOCTRINE, IN OTHER WORDS, TURN ON AN INQUIRY INTO WHAT PRO- CEDURES ARE AVAILABLE UNDER STATE LAW, IN SUM THERE IS NOTHING IN THE EXHAUSTIION DOC- TRINE REQUIRING FEDERAL COURTS TO IGNORE A STATE LAW OR RULE PROVIDING THAT A GIVEN PROCEDURE IS NOT AVAILABLE. WE HOLD TODAY ONLY THAT THE CREATION OF A "DISCRETIONARY REVIEW SYSTEM DOES NOT,WITHOUT MORE, MAKE REVIEW IN THE ILLINOIS SUPREME COURT UNAVAIL- ABLE." Id. O'SULLIVAN, supra.

SUP.CT. RULE 13.1, pertinent here to a completion of the "PDR" Review in the further interest of Justice to Reinstate the Stricken and Un-returned Pro se "PDR" claiming State and Federal Ex Post Facto Clause violations, provides:"REVIEW ON CERTIORARI; TIME FOR PETITIONING." "Unless otherewise provided by Law, a PETITION FOR WRIT OF CER- TIORARI TO REVIEW A JUDGEMENT IN ANY CASE,CIVIL OR CRIMINAL,ENTERED BY A STATE COURT OF LAST RESORT, . . . IS TIMELY WHEN IT IS FILED WITH THE CLERK OF THIS COURT WITHIN 90 DAYS AFTER ENTRY OF JUDGEMENT. A PETITION FOR WRIT OF CERTIORARI SEEKING REVIEW OF A JUDGEMENT OF A LOWER STATE COURT THAT IS SUBJECT TO "DISCRETIONARY REVIEW BY THE STATE COURT OF LAST RESORT" IS TIMELY WHEN IT IS FILED WITH THE CLERK WITHIN 90 DAYS AFTER THE ENTRY OF THE ORDER DENYING DISCRETIONARY REVIEW."

"THE UNITED STATES SUPREME COURT CAN REVIEW ONLY JUDGEMENTS OF A STATE COURT OF LAST RESORT "HAS DENIED DISCRETIONARY REVIEW." SUP.CT.RULE 13.1, GONZALES V. THALER, 132 S.CT. 641 (2012). Cf. JIMINEZ V. QUARTERMAN, 129 S.CT. 681 (2000).

SUP.CT.RULE 33.2(b), pertinent here, provides: "PAGE LIMITS FOR DOCUMENTS PRESENTED on 8½-by-11 INCH PAPER ARE: -40- PAGES FOR A PETITION FOR WRIT OF CERTIORARI."

"IT IS THE PLAIN LANGUAGE OF § 2244(d)(1)(A) THAT PINPOINTS THE UNIFORM DAATE OF FINALITY SET BY CONGRESS. AND THAT LANGUAGE POINTS TO THE CONCLUSION OF "DIRECT APPELLATE PROCEEDINGS IN STATE COURT." THE STATUTE,THUS,CARRIES OUT THE GOAL OF THE (AEDPA OF 1996)OF PROMOTING "COMITY, FINALITY, AND FEDERALISM BY GIVING STATE COURTS THE FIRST OPPORTUNITY TO REVIEW THE CLAIM,AND TO CORRECT ANY CONSTITUTIONAL VIOLATION IN THE FIRST INSTANCE. THE STATUTE REQUIRES A FEDERAL COURT,PRESENTED WITH AN INDIVID-

4

UAL'S FIRST PETITION FOR HABEAS CORPUS RELIEF,TO MAKE USE OF THE DATE ON
WHICH THE "ENTIRETY OF THE STATE DIRECT APPELLATE REVIEW PROCESS WAS COMPLETED."
See JIMINEZ V. QUARTERMAN, 129 S.CT. 681 (2000).

"THE EQUAL PROTECTION CLAUSE REQUIRES THAT ONCE A STATE ESTABLISHES AVENUES
OF "APPELLATE REVIEW,THOSE AVENUES BE KEPT FREE OF UNREASONED DISTINCTIONS THAT
CAN ONLY IMPEDE OPEN AND EQUAL ACCESS TO THE COURTS." See BLACKLEDGE V. PERRY,
94 S.CT. 2098 (1974).

"PRISONERS,LIKE OTHER INDIVIDUALS,HAVE THE RIGHT TO PETITION THE GOVERNMENT
FOR A REDRESS OF GRIEVANCES, WHICH INCLUDES ACCESS OF PRISONERS TO THE COURTS
FOR THE PURPOSE OF PRESENTING THEIR COMPLAINTS." USCA.CONST.AMEND. 1. See also
CRUZ V. BETO, 92 S.CT. 1079 (1972).

ON FEDERAL HABEAS REVIEW,STATE COURT DECISIONS ARE MEASURED AGAINST THE
PRECEDENTS OF THE SUPREME COURT OF THE UNITED STATES AT THE TIME THE STATE
COURT RENDERS ITS DECISION." See CULLEN V. PINHOLSTER, 131 S.CT. 1388 (2011).

III.

GROUNDS FOR DISCRETIONARY REVIEW, TWO VIOLATIONS OF EX POST FACTO CLAUSES

NUMBER ONE: "THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING TINA FULLEN
TO TESTIFY AS AN OUTCRY WITNESS UNDER ARTICLE 38.072, CURRENT VERSION OF
THE STATUTE AS RESOLVED BY THE COURT OF APPEALS AND PROHIBITED BY EX POST
FACTO LAW;

NUMBER TWO: "THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING OFFICER ADAM
KULAK TO TESTIFY AS AN OUTCRY WITNESS UNDER TEXAS CODE OF CRIMINAL PROCEDURE,
ARTICLE 38.072, CURRENT VERSION OF THE STATUTE AS RESOLVED BY THE COURT OF
APPEALS AS APPLIED RETROSPECTIVELY TO OFFENSE COMMITTED IN 1996,EX POST FACTO."

USCA.CONST. ART. 1§9,Cl.3, provides: "NO BILL OF ATTAINDER OR EX POST FACTO
LAW SHALL BE PASSED.

USCA.CONST. ART. 1§10,Cl.1,provides: "NO STATE SHALL PASS ANY BILL OF ATTAINDER,
EX POST FACTO LAW."

TEX.CONST.ART. 1§16, provides: "NO BILL OF ATTAINDER,EX POST FACTO LAW, RETROACT-
IVE LAW, OR ANY LAW , . . . SHALL BE MADE.

"Defendant was charged and convicted of aggravated sexual assault under imper-
missible Ex Post Facto Application of 1981 Amendment of VTCA., Penal Code, § 21.03
(repealed: SEE NOW, § 22.021), proscribing offense of sexual assault where prosecut-
ion under Amended section required LESS OR DIFFERENT EVIDENCE from section in effect
at time of offense, even if defendant's conduct would constitute aggravated rape under
either version." See LINDSEY V. STATE, 672 SW.2d. 892 (APP.5-DIST. 1984),"PDR",ref'd.

"Term "female sex organ" in 1985 Amendment to VTCA.,Penal Code § 22.011(a)(2)(A),
defining sexual assault, was intended to include more than term "Vagina" used in prior
version was "EX POST FACTO STATUTE" IN ITS APPLICATION TO ACT COMMITTED BEFORE EFFECT-
IVE DATE OF AMENDMENT." See AYLOR V. STATE, 727 SW.2d. 727 (APP.3-DIST.1987),"PDR"
ref'd.

"Retroactive application of 1993 Amendment to Statute relating to evidence in
sex offense prosecutions under which either Outcry by victim within one year or
corroboration of victim's testimony is required in order to support conviction
only when victim is 18 years of age or older ALTERS RULES OF EVIDENCE TO REQUIRE
LESS EVIDENCE TO SUSTAIN CONVICTION AND VIOLATES EX POST FACTO CLAUSE." See also
BOWERS V. STATE, 914 SW.2d. 213 (APP.8-DIST. 1996),reh.overruled,"PDR" ref'd.

"Under Texas Law. statute providing circumstances under which sexual offense convictions may be supported by uncorroborated testimony of victim is treated as a sufficiency of the evidence rule, rather than as a rule concerning the competency or admissibility of evidence, and trial court's failure to comply with statute's requirements results not in remand for new trial, but reversal of conviction and remand for entry of order of acquittal.. TEX.CODE CRIM.PROC. ART. 38.07. See CARMELL V. TEXAS, 120 S.CT. 1620 (2000).

"AMENDMENT TO TEXAS STATUTE AUTHORIZING CONVICTION OF CERTAIN SEXUAL OFFENSES ON VICTIM'S TESTIMONY ALONE WAS LAW THAT ALTERED THE LEGAL RULES OF EVIDENCE AND REQUIRED LESS EVIDENCE TO OBTAIN CONVICTION, FOR PURPOSES OF EX POST FACTO CLAUSE, WHERE PREVIOUS STATUTE REQUIRED VICTIM'S TESTIMONY PLUS OTHER CORROBORATING EVIDENCE TO CONVICT." USCA.CONST.ART.1§10,Cl.1;TEX.CODE CRIM.PROC.ART.38.07 (1992). Id, CARMELL, supra.

"AMENDMENT TO TEXAS STATUTE WHICH AUTHORIZED CONVICTION OF CERTAIN SEXUAL OFFENSES ON VICTIM'S TESTIMONY ALONE,WHERE PREVIOUS CORROBORATING EVIDENCE WAS REQUIRED, WAS NOT SIMPLY WITNESS COMPETENCY RULE, BUT WAS SUFFICIENCY OF THE EVIDENCE RULE,FOR PURPOSES OF ANALYZING RULE UNDER EX POST FACTO CLAUSE." Id, CARMELL, supra.

"WHETHER A STATE LAW IS PROPERLY CHARACTERIZED AS FALLING UNDER THE EX POST FACTO CLAUSE IS A FEDERAL QUESTION THAT THE SUPREME COURT DETERMINES FOR ITSELF." USCA.CONST. ART. 1§10,Cl.1, CARMELL, supra (citing: CALDER V. BULL, 3 DALL. 386, 390, 1 L.Ed. 648 (1798); WEAVER V. GRAHAM, 101 S.CT. 960 (1981); MILLER V. FLORIDA, 107 S.CT. 2446 (1987); BEAZELL V. OHIO,. 46 S.CT. 68 (1925)."

Cf. "The requirement that the victim inform another person of an alleged offense does not apply if the victim is younger than -14- years of age at the time of the alleged offense. TEX. CODE CRIM.PROC. ART. 38.07 (Vernon 1983), We emphasize Three features of this law that are critical to petitioner's case. The First is the so called (OUTCRY OR CORROBORATION") requirement. Under that provision, a victim's testimony can support a conviction for the specified offenses only if (1) that testimony is corroborated by other evidence, or (2) The victim informed another person of the offense within Six months of its occurence (AN OUTCRY). The SECOND feature is the "CHILD VICTIM" provision which is an exception to the "Outcry or Corroboration", requirement.

"According to this provision, if the Victim was Under -14- years old at the time of the alleged offense, The "Outcry or Corroboration Requirement" does not apply and the victim's testimony alone can support a conviction--even without any corroboarating evidence or outcry. The THIRD feature is that Art. 38.07 establishes a sufficiency of the evidence rule Respecting the Minimum Quantum of evidence necessary to sustain a conviction. If the Statutes' requirements are not met (for example, by introducing only the uncorroborated testimony of a -15 year old victim who did NOT MAKE A TIMELY OUTCRY), a Defendant Cannot be Convicted, and the Court must enter a judgement of Acquittal." See LEDAY V. STATE, 983 SW.2d. 725 (TEX.CR.APP. 1998); SCOGGAN V. STATE, 799 SW.2d.679 (TEX. CR. APP. 1990). Id. CARMELL, supra.

USCA.CONST.AMEND.V, pertinent here also provides: "NO PERSON SHALL BE DEPRIVED OF LIFE,LIBERTY,OR PROPERTY, WITHOUT DUE PROCESS OF LAW."

"THE FUNDAMENTAL REQUIREMENT OF DUE PROCESS IS "THE OPPORTUNITY TO BE HEARD." IT IS AN OPPORTUNITY WHICH MUST BE GRANTED AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER." See ARMSTRONG V. MANZO, 85 S.CT. 1187 (1965).

USCA.CONST. AMEND.14TH, provides pertinent here:SECTION 1. "ALL PERSONS BORN, . . . . IN THE UNITED STATES,AND SUBJECT TO THE JURISDICTION THEREOF,ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. "NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; "NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE,LIBERTY,OR PROPERTY,WITHOUT

6.

DUE PROCESS OF LAW; "NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS."

USCA. CONST. ART. VI,Cl.2, also pertinent here provides: [SUPREMACY CLAUSE], "THIS CONSTITUTION,AND THE LAWS OF THE UNITED STATES WHICH SHALL BE MADE IN PURSUANCE THEREOF, . . . OR WHICH SHALL BE MADE UNDER THE AUTHORITY OF THE UNITED STATES, SHALL BE THE SUPREME LAW OF THE LAND; AND THE JUDGES IN EVERY STATE SHALL BE BOUND THEREBY, ANYTHING IN THE CONSTITUTION OR LAWS OF ANY STATE TO THE CONTRARY NOTWITHSTANDING."

"THE EX POST FACTO CLAUSE RAISES TO THE CONSTITUTIONAL LEVEL ONE OF THE MOST BASIC PRESUMPTIONS TO OUR LAW; LEGISLATION, ESPECIALLY OF THE CRIMINAL SORT IS NOT TO BE APPLIED RETROACTIVELY." USCA.CONST. ART. 1§9,Cl.3. JOHNSON V. UNITED-STATES, 120 S.CT. 1795 (2000).

The records of this instant case on its face reflects that under the current Amended version of Art.38.072, not in effect during the commission of the alleged Sexual Offenses committed on NOVEMBER 8,1996,then as a New Crime prosecuted as Continious Sexual Abuse of a Child well over 500 times until the Child victim left home at age -18- years old clearly altered the Rules of Evidence to Petitioner's Serious Disadvantage. Whereas the victim's Mother (TINA FULLEN) was the State's First initial outcry witness when the child victim was 13 years Old, and the previous version of the Outcry Statute in effect in 1996, required that the Child victim's Outcry was to had been made when the victim was -12- years old or younger. And,thus clearly not admissible under the Retroactive application of the Statute altering the rules of evidence by raising the Age of the Outcry requirement to -14- years or younger. Furthered likewise by the untimely outcry testimony introduced into evidence by Police Officer, Adam Kulak under the Amended version of the Statute (Art.38.072), applied retroactively to erroeneously permit a greater Untimely Outcry when the alleged Child victim was -28- years old. Clearly altering the rules of evidence and creating the New Crime of Continous Sexual Abuse of a Child, neither of which were in effect during the date the alleged Offenses were committed on NOVEMBER 8,1996, against the alleged Child victim,then -14- years old or younger. Thereby stair-stepping even the defense of the 10 year Statute of Limitations in effect in 1996, intending to circumvent the State and Fedral Ex Post Facto Clauses as prohibited by TEX.CONST.ART.1§16;USCA. CONST. ARTS. 1§9,Cl.3,1§10 Cl.1; as well as to Deny Due Process and Equal Protection of USCA.CONST. AMENDS.5,14TH. Moreover the unobjected to testimony of the alleged child victim's statements that Petitioner had sexually abused her -500- times before she left home at age -18- under the retroactive Statute permitted evidence pursuant to the altered rules to had obtained an Unconstitutional Judgement of Conviction and Imposition of Illegal Sentences.

7.

"OVERALL STRUCTURE STRONGLY FAVORED THE "NEW CRIME" INTERPRETATION."Cf. CASTILLO V. UNITED STATES, 120 S.CT. 2090 (2000).

As this Court noted in GARCIA V. STATE, 125 SW.3d. 921 (TEX.CR.APP. 2004,"IF WHEN ALL IS SAID AND DONE, THE CONVICTION IS SURE THAT THE ERROR DID NOT INFLUENCE THE "JURY",OR HAD BUT A SLIGHT EFFECT, THE JUDGEMENT SHOULD STAND, . . . BUT IF ONE CANNOT SAY, WITH FAIR ASSURANCE, AFTER PONDERING ALL THAT HAPPENED WITHOUT STRIPPING THE ERRONEOUS ACTION FROM THE WHOLE,THAT THE JUDGEMENT WAS NOT SUBSTANTIALLY SWAYED BY THE ERROR,IT IS IMPOSSIBLE TO CONCLUDE THAT SUBSTANTIAL RIGHTS WERE NOT AFFECTED." Id. at 927 n.9.(Quoting KOTTEAKOS V. UNITED STATES, 66 S.CT. 1239 (1946).

Cf. MARTINEZ V. STATE, 188 SW.3d. 291 (TEX.APP. 10 DIST. 2006), on remand, whereby this Court of Criminal Appeals reversed, holding that the'Majority was mistaken in its conclusion that Admitting Hearsay Testimony (Complainant's Outcry) by the (Complainant's Mother) was admissible under Article 38.07. "In MARTINEZ V. STATE, 178 SW.3d. 806 (TEX.CR.APP. 2005), remanded: "TO DETERMINE WHETHER THE ADMISSION OF THE OUTCRY WAS HARMLESS ERROR." Id.

"Error in admitting testtimony of victim's mother regarding what victim told her about offense was HARMFUL in prosecution for Indecency With a Child; "Absent improperly admitted evidence, only direct evidence supporting verdict was victim's testimony,thereby making her credibility essential to the conviction. . . And during mother's testimony trial judge instructed Jury about its role as judge of the credibility of testimony and its right to consider what victim told mother, and thus, there was not Fair assurance that error did not have substantial and injurious effect or influence in determining jury's verdict." TRAP. RULE 44.2(b). Id. "Because A.R. WAS OLDER THAN 12, THE OUTCRY TESTIMONY GIVEN BY A.R.'S MOTHER WAS NOT ADMISSIBLE."

"A.R.'S Mother was the witness immediately preceding A.R.'S Testimony. This testimony was introduced as background testimony and gave context to both the Outcry testimony about which MARTINEZ Complains, AND THE SUBSEQUENT TESTIMONY GIVEN BY A.R.,WITHOUT OBJECTION." Id.

"THE STATUTE OF LIMITATIONS APPLICABLE TO A CHARGE OF AGGRAVATED SEXUAL ASSAULT WHERE THE VICTIM IS YOUNGER THAN -14- YEARS OF AGE IS TEN YEARS." MOORE V. STATE, 4 SW.3d. 269 (TEX.APP. 1999); "STATUTE OF LIMITATIONS FOR AGGRAVATED SEXUAL ASSAULT OF A CHILD COMMITTED AFTER 1987, WAS TEN YEARS." TEX.CODE CRIM.PROC.ART.12.01; VTCA., PENAL CODE § 22.011(a)(2)." FORD V. STATE, 908 SW.2d. 32 (TEX.APP. 1995). "STATUE OF LIMITATIONS ARE PRIMARY GUARANTEES USED TO PROTECT CITIZENS FROM STALE CRIMINAL CHARGES THAT IMPAIR THOSE CITIZENS' ABILITIES TO DEFEND THEMSELVES."

"LIMITATIONS IS AN ABSOLUTE BAR TO PROSECUTION OF A CRIMINAL CASE. STATE V. KRIZAN-WILSON, 354 SW.3d. 808 (TEX.CR.APP. 2011); EX PARTE SMITH, 178 SW.3d. 797 (TEX. CR.APP. 2005). "CRIME OF AGGRAVATED SEXUAL ASSAULT CARRIES TEN-YEAR LIMITATIONS PERIOD." ZINGER V. STATE, 899 SW.2d. 423 (TEX.APP.1995).

"APPLYING THE NEW STATUTE IN THE CASE AT HAND WOULD UNFAIRLY (a) SUBJECT THE ACCUSED TO PROSECUTION LONG AFTER THE STATE HAD,IN EFFECT GRANTED AMNESTY; (b) TO RETROACTIVELY WITHDRAW A COMPLETE DEFENSE TO PROSECUTION AFTER THE DEFENSE HAD ALREADY ATTACHED; AND (c) DO SO IN A MANNER THAT WOULD ALLOW THE STATE TO WITHDRAW THIS DEFENSE AT WILL AND WITH RESPECT TO INDIVIDUALS ALREADY IDENTIFIED." USCA. ART. 1§10, Cl.1. See STOGNER V. CALIFORNIA, 123 S.CT. 2446 (2003)(citing CALDER V. BULL, supra).

"PORTION OF LEGISLATION "VOID" WHICH SHOULD ENDEAVOR TO REACH BY ITS RETROACTIVE OPERATION ACTS BEFORE COMMITTED." JAEHNE V. NEW YORK, 9 S.CT. 70 (1888); "BY SIMPLY LABELING A LAW PROCEDURAL, A LEGISLATURE DOES NOT IMMUNIZE IT FROM SCUTINY UNDER ART. 1§10,Cl.1. BEAZELL V. OHIO, 46 S.CT. 68 (1925).

## IV.

"EX POST FACTO CLAUSE PROHIBITIONS DO NOT MERELY CONFER UPON THE PEOPLE A WAIVABLE OR FORFEITABLE RIGHT NOT TO HAVE THEIR CONDUCT PENALIZED RETROACT-IVELY. INDEED,THE CONSTITUTIONAL PROHIBITION AGAINST EX POST FACTO LEGISLATION IS NOT REALLY AN INDIVIDUAL RIGHT AT ALL. IT IS A CATEGORICAL PROHIBITION. SHORT OF A CONSTITUTIONAL AMENDMENT,THE PEOPLE CANNOT WAIVE THIS PROHIBITION,EITHER INDIVIDUALLY OR COLLECTIVELY,ANY MORE THAN THEY MAY CONSENT TO BE IMPRISONED FOR CONDUCT WHICH DOES NOT CONSTITUTE A CRIME."TEX.CONST.ART.1§16;USCA.CONST. ART. 1§10,Cl.1. IEPPERT V. STATE, 908 SW2d. 217 (TEX.CR.APP. 1995).

"THE COURT REVERSED APPELLANT'S CONVICTION FOR AGGRAVATED SEXUAL ASSAULT, FINDING THAT THE INDICTMENT CHARGED AN OFFENSE THAT WAS NOT IN EXISTENCE AT TIME OF THE ALLEGED CRIMINAL CONDUCT,AND THAT THIS EX POST FACTO VIOLATION WAS NOT WAIVED BY APPELLANT EVEN THOUGH HE DID NOT OBJECT AT TRIAL,AND AT THE FIRST LEVEL OF APPELLATE REVIEW,THE LOWER COURT OF APPEALS DID NOT REACH THE MERITS OF THE CLAIM,WHEN HOLDING INSTEAD THAT APPELLANT FORFEITED THE RIGHT TO COMPLAIN OF IT ON APPEAL." IEPPERT, supra.

"BECAUSE THIS IS A CONSTITUTIONAL ISSUE THAT WILL UNDOUBTEDELY RECUR GIVEN THE EVEN MORE RECENT STATUTORY ELIMINATION OF THE STATUTE OF LIMITATIONS FOR SOME SEXUAL OFFENSES,WE GRANTED APPELLANT'S PETITION FOR DISCRETIONARY REVIEW. ALTHOUGH THE STATE PROSECUTING ATTORNEY AGREES THAT THE STATUTE OF LIMITATIONS HAD RUN BEFORE APPELLANT'S INDICTMENT,SHE ARGUES THAT APPELLANT FAILED TO PRE-SERVE THIS ISSUE FOR APPEAL BECAUSE HE DID NOT OBJECT IN THE TRIAL COURT." WE REVERSE THE COURT OF APPEALS,WHICH HELD THAT APPELLANT'S PROSECUTION WAS NOT BARRED." USCA.CONST.ART. 1§10, Cl.1. See PHILLIPS V. STATE OF TEXAS, NO.PD-1402-09 (TEX.CR.APP. 2011),ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW." (Citing STOGNER and IEPPERT, supras).

Petitioner pro se should be given the Equal Protection of the laws alleging an Ex Post Facto violation on Petition for Discretionary review, shown IEPPERT, and PHILLIPS, supra. With the Court reinstating his stricken Pro se PDR, present-ing and Arguing Two Constitutional Claims not presented in the trial or Lower Court of Appeals regarding the Retroactive Application of TEX.CODE CRIM.PROC.ART. 38.072, not in existence at the time of the Sexual Abuse Offenses committed on November 8,1996. Which said Pro se PDR, should not be considered unnecessarily lengthy because actually its -28- pages contains Two Appeals as Consolidated also in the 9th Court of Appeals as NOS.09-13-00355-CR and 09-13-00356-CR. On Direct Appeal from Two consolidated trials and convictions for Aggravated Sexual Assault of a Child and Sexual Assault of a Child from the 221st District Court for Mont-gomery County, Texas, in TRIAL CAUSE NOS. 12-01-00820 CR(COUNTS 1 AND 2). With the Jury finding him guilty of both Counts and Sentencing him to Life Imprison-ment for Aggravated Sexual Assault and a Fine of $10,000 on Count 1. Then also finding him guilty of Sexual Assault of a Child and Sentencing him to Twenty Years Imprisonment on Count 2. Further if both cases were Briefed SEPARATELY Petitioner under the Judgemade TRAP Rule 9.4(i)(2)(D), would be permitted an accumulated -30- pages, being -15- pages for each separate PDR rather than

9.

than the less lengthy -28- pages as contained in the currently stricken PDR sought to be reinstated and heard.

Petitioner's -28- page Pro se PDR, was not prepared or drafted to vex, annoy or harass the Justices of this Highest Court of Last resort but in the interest of justice for exhaustion and acces to the Courts purposes, in seeking Timely Petition for Writ of Certiorari with the United States Supreme Court, after giving this Court a fair opportunity to address and correct the Ex Post Facto Claims, pursaunt to S.CT.Rule 13.1; 28 USCA.§ 1257, and 28 USCA.§ 2101(a). In the event of Refusal or Denial of the Pro Se PDR., sought to be Reinstated rather than proceeding on a State Post-Conviction Writ of Habeas Corpus. The United States Supreme Court has the power of Judicial Review in saying what the Law is. See MARBURY V. MADISON, 1 CRANCH 137 (1803).

TRAP.RULE 69.1, pertinent here also provides: "GRANTING OR REFUSAL." "If Four Judges do not vote to grant a PDR,the Court will enter a docket notation that the Petition is REFUSED. If Four Judges vote to GRANT a Petition, the Court will enter a Docket notation that PETITION FOR DISCRETIONARY REVIEW IS GRANTED." Cf. also O'SULLIVAN and GONZALES, supras.

Petitioner further invokes TRAP.Rule 2, for Suspension of the -15- page limitation as dictated by TRAP. Rule 9.4(i)(2)(D) in order to expedite a decision on the Two Federal Ex Post Facto Claims presented and argued with U.S. Supreme Court precedent in support of Granting the Pro se PDR, as sought to be reinstated as good cause shown.

Petitioner further seeks consideration for Suspension of the -15- page limitations because the Court never ordered that the stricken Pro se PDR, be Returned. Whereas Two Copies of the 9th Court of Appeals' Memorandum Opinion also consisting of -15- pages were attached as APPENDICES 1. With further copy of same furnished and served on the State's Prosecuting Attorney. As to which Petitioner only retains a single copy of the Memorandum Opinion affirming his convictions and as a State prisoner has no access to free or purchased photocopying services in TDCJ-ID. And he obtained the Three additional copies of such Memorandum Opinion through having mailed same single copy to his brother, Mr. Donald Ray Rancher in Conroe,Texas, requesting that he make the three copies thereof, then mail all four back to this incarcerated Petitioner pro se. Which was done within the additional -60- day extension of time in which to had timely filed the Pro se PDR as was granted by this Court. And during the interim, Petitioner and his brother have become estranged due to the nature of the offense and his association with the alleged child victim, as her Uncle believing Petitioner molested her as a child premised upon the lower court of Appeals Opinion affirming both convictions. Moreover TDCJ-ID Policy does not permit photocopying of Court records in Petitioner's possession which are

10

not already on file with its Administrative Agency. Such as Inmate Administrative Grievances and Inmate Medical Reords which are copied at .20¢ per page, then only after TDCJ-ID., is paid the cost of copying by Inmate Withdrawal of the charged amount from his Inmate Trust Account. And such further constitutes a prolonged delay regarding the lengthy Inmate Withdrawal usually taking 2-3-WEEKS. Therefore rendering it an almost impossibility to obtain more copies of the 9th Court of Appeals Memorandum Opinion Affirming the Trial Court's judegements and sentences as was attached to the stricken "PDR" as APPENDIX 1.

IN BEAZELL V. OHIO, 46 S.CT. 68 (1925), "THE SUPREME COURT SUMMARIZED THE CHARACTERISTICS OF AN EX POST FACTO LAW: IT IS WELL SETTLED DECISION OF THIS COURT SO WELL KNOWN THAT THEIR CITATION MAY BE DISPENSED WITH,THAT ANY STATUTE WHICH PUNISHES AS A CRIME ANY ACT PREVIOUSLY COMMITTED WHICH WAS INNOCENT WHEN DONE,WHICH MAKES MORE BURDENSOME THE PUNISHMENT FOR A CRIME,AFTER ITS COMMISSION, OR WHICH DEPRIVES ONE CHARGED WITH CRIME OF ANY DEFENSE AVAILABLE ACCORDING TO TO LAW AT THE TIME WHEN THE ACT WAS COMMITTED IS PROHIBITED AS EX POST FACTO."
"THE COURT FURTHER EXPLAINED THAT WITHIN THE CONCEPT OF EX POST FACTO IS THE FUNDAMENTAL PRINCIPLE,THAT "THE CRIMINAL QUALITY ATTRIBUTABLE TO AN ACT,EITHER BY THE LEGAL DEFINITION OF THE OFFENSE,OR BY THE NATURE OF THE AMOUNT OF PUNISH-MENT, . . . SHOULD NOT BE ALTERED BY LEGISLATIVE ENACTMENT,AFTER THE FACT,TO THE DISADVANTAGE OF THE ACCUSED." Id. at 269 U.S. at 170, 46 S.CT. at 68-69.

## PRAYER

Wherefore Premises considered Petitioner Pro se prays above all things that his Motion for Reinstatement of Stricken Pro Se Petition for Discretionary Review be granted Forthwith based upon the foregoing reasons and authorities and in the alternative of denial Order that the NON-Complying "PDR" be returned and extended time in which to file a -15- page PDR be granted for an additional -30- days thereafter on two separate briefs being that this Court does not consider the Two Counts of Aggravated Sexual Assault of a Child and Sexual Assault as being consolidated for a single trial and further not constituting the Same Causes on Direct Appeal or PDR as part of the Appellate Review. Moreover this Court in the event of denial of Reinstatement of the -28- page Pro se PDR., Order the TDCJ-ID., Hughes Unit Law Library Access to Courts supervisor, Ms. Brittany Hamilton to forthwith Copy the -15- page 9th Court of Appeals Memorandum Opinion affirming the Trial Courts Convictions and Sentences as required to be thereto attached to any redrawn "PDR" as Appendix 1, to provide meaningful access to COURTS Rights in citing BOUNDS V. SMITH, 97 S.CT. 1491 (1977).

Dated: 7/1/15

Respectfully submitted,

Danny Ray Rancher #1884198
Rt. 2 Box 4400
Hughes Unit
Gatesville, Texas 76597
-Petitioner Pro Se-

11.

## UNSWORN DECLARATION

"I Danny Ray Rancher#18884198, being presently incarcerated in the A.Hughes Unit of the Texas Department of Criminal JUSTICE-Institutional Division located in Coryell County,Texas, declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: **7/1/15**                         _Danny Ray Rancher #188419_
                                          Offender's Signature & TDCJ-ID#

Pursuant to VTCA. CIVIL PRACTICE & REMEDIES CODE, §§ 132.001-132.003, et. seq.

I declare verify or state that the foregoing is true and correct under penalty of perjury under the Laws of the United States of America.

EXECUTED ON: **7/1/15**                         _Danny Ray Rancher #188419_
                                          Signature & TDCJ-ID# of Declarant

Pursuant to 28 USCA. § 1746

## CERTIFICATE OF SERVICE

I hereby the undersigned Appellant/Petitioner Pro se certify that a true and correct copy of the foregoing Motion for Reinstatement of Stricken Pro se PDR,. . . has been served on the Attorney representing the State by delivering same to TDCJ-ID., prison officials for mailing to: "STATE'S PROSECUTING ATTORNEY, P.O. BOX 12405,AUSTIN, TEXAS 78711, First Class Mail, Postage prepaid in accord with the Prison mailbox Rule on this **1st** day of **July** ,20 **15** .

                                          _Danny Ray Rancher #188419_
                                          Appellant/Petitioner Pro se

12.