**Opinion filed December 17, 2015**



In The

# Eleventh Court of Appeals

———————

## No. 11-13-00365-CR

———————

## MICHAEL MANUEL PEREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 18459B**

### M E M O R A N D U M   O P I N I O N

Michael Manuel Perez pleaded guilty in four separate cause numbers to two offenses of fraud[1] (Cause No. 18433-B and Cause No. 18434-B), one offense of possession of a controlled substance (Cause No. 18416-B), and one offense of fraudulent use of identifying information (Cause No. 18459-B). Later, Appellant

---

[1]*See* TEX. PENAL CODE ANN. § 32.51(c-1) (West Supp. 2015).

filed a pro se motion to withdraw his plea of guilty in all four causes. The trial court overruled Appellant's motion in three of the causes, but granted his motion as to the conviction for the felony offense of fraudulent use of identifying information in Cause No. 18459-B and ordered a new trial for that cause. In that trial, the jury convicted Appellant of a lesser included state jail felony, finding that he possessed "less than five" items of identifying information.

Prior to sentencing, the State moved to cumulate Appellant's sentence in this case with Cause No. 18433-B. The trial court assessed punishment in this case and ordered it to be served consecutively to Appellant's sentence in Cause No. 18433-B. In two issues, Appellant challenges the trial court's order on cumulated sentences. We affirm.

## I. *The Charged Offense*

The grand jury returned an indictment in Cause No. 18459-B for fraudulent use or possession of "less than five (5) items of identifying information," but the indictment was later amended by the State to allege "five (5) or more but less than ten (10) items of identifying information." A person commits an offense if, with the intent to harm or defraud another, he obtains, possesses, transfers, or uses an item of identifying information of another person without their consent. PENAL § 32.51(b)(1).

An offense under Section 32.51 is a state jail felony if the number of items obtained, possessed, transferred, or used is "less than five," and a third-degree felony if the number of items is "five or more but less than 10." *Id.* § 32.51(c). An individual adjudged guilty of a state jail felony shall be punished by imprisonment in a state jail for any term of not more than two years or less than 180 days, whereas a third-degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years in the Texas Department of Criminal Justice. PENAL § 12.34 (West 2011), §12.35 (West Supp. 2015).

2

## II. *Evidence at Trial*

The grand jury originally returned eight indictments against Appellant. The State agreed to dismiss four indictments, while Appellant agreed to plead guilty to the remaining four cases. In the original plea hearing, Appellant pleaded guilty to the offenses in Cause Nos. 18416-B, 18433-B, 18434-B, and 18459-B and pleaded "true" to the enhancement paragraphs in each case. The trial court admonished Appellant and then adjudged him guilty of each offense. The trial court assessed punishment for each offense as follows: confinement for twelve years in Cause No. 18459-B; confinement for ten years in Cause No. 18434-B and Cause No. 18416-B; and confinement for two years in Cause No. 18433-B. The trial court then ordered that these sentences were to be served concurrently.

On December 7, 2012, Appellant filed a pro se motion to withdraw his plea of guilty in all four cases. The trial court allowed Appellant to withdraw his plea of guilty in Cause No. 18459-B because his stipulation to the evidence was made before the State amended the charge. The State's amendment to the indictment replaced the phrase "less than five (5) items of identifying information" with the phrase "five (5) or more but less than ten (10) items of identifying information," which changed the charge from a state jail felony to a third-degree felony. Additionally, the State included an enhancement paragraph, which could have increased the punishment to that of a second-degree felony.

## III. *Standard of Review*

We review an order of the trial court to cumulate or "stack" sentences under an abuse of discretion standard. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2015); *Bonilla v. State*, 452 S.W.3d 811, 816 (Tex. Crim. App. 2014); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dis.] 2001, pet. ref'd). In reviewing the trial court's sentencing of Appellant, "a great deal of

discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

## IV. *Analysis*

Appellant argues in his first issue that the order of the trial court to cumulate the sentences should be deleted because the order creates an impermissible chilling effect on a defendant's right to challenge his conviction. Appellant argues in his second issue that the trial court erred when it ordered the sentences to be served consecutively because Appellant established facts sufficient to raise a presumption of prosecutorial vindictiveness, which the prosecutor failed to rebut.

### A. *Issue One: Trial Court's Order Allegedly Creates Impermissible Chilling Effect on Defendant's Right to Challenge Conviction*

Appellant asserts that the trial court's order to cumulate or "stack" the sentence in this case to follow the sentence in Cause No. 18433-B should be deleted because (1) both offenses arose from the same criminal episode, (2) both offenses were originally prosecuted in the same criminal action, and (3) Appellant never exercised his right to sever the offenses. We interpret Appellant's argument to be that the State joined all four indictments in the four cases as part of a single criminal episode, so the sentences must be served concurrently. Appellant asserts that the severance of the cases, after Appellant filed a pro se motion to withdraw his plea of guilty in those cases, allowed the trial court to impermissibly order that the sentence in this case be served consecutively to Cause No. 18433-B, which chilled Appellant's right to challenge his convictions.

A defendant may be tried in a single criminal action for offenses that arose out of the same criminal episode. PENAL § 3.02(a). A "single criminal action" is a single trial or plea proceeding during which the State presents both the allegations and evidence of more than one offense. *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). If multiple offenses arise out of the same criminal episode and

4

the defendant is prosecuted and convicted in a single criminal action, then his sentences shall run concurrently, except in certain sexual offenses against a victim younger than seventeen years of age. PENAL §§ 3.02(a), 3.03(a), 3.03(b)(2)(B). But a plea hearing does not constitute a single criminal action if the trial court addresses each offense separately, accepts a plea of guilty, admonishes the defendant, assesses his punishment, and sentences him accordingly for each offense. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995).

If a defendant decides to withdraw his guilty plea after the trial court takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *McWherter v. State*, 571 S.W.2d 312, 313 n.2 (Tex. Crim. App. [Panel Op.] 1978). "It is well-settled law that after a court has admonished the defendant, received the guilty plea and received the evidence, passing the case for a presentence investigation is 'taking the case under advisement.'" *Saldana v. State*, 150 S.W.3d 486, 490 (Tex. App.—Austin 2004, no pet.) (quoting *Harling v. State*, 899 S.W.2d 9, 12 (Tex. App.—San Antonio 1995, pet. ref'd). It is within the sound discretion of the trial court to overrule defendant's motion to withdraw a plea of guilty. *See Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). However, if the trial court grants defendant's motion, it must order a new trial. *Spivey v. State*, 143 S.W.2d 386, 387 (Tex. Crim. App. 1940).

Appellant argues that Cause No. 18433-B and Cause No. 18459-B arose from the same criminal episode and that the State prosecuted both offenses in a single criminal action. Although Appellant is correct that his offenses were joined in a single criminal action when called together and disposed of together, a separate trial occurred later in Cause No. 18459-B when Appellant withdrew his guilty plea, and the trial court ordered a new trial. But we need not decide if the later trial was part of the original single criminal action where Appellant received the relief that he

requested: a new trial. Having received that requested relief, Appellant is estopped under the invited error doctrine to complain about the trial court's sentencing following the new trial.

The law of invited error estops a party from making an appellate error of an action it induced. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). In *Prystash*, the court held that a defendant who requested that the trial court delete a jury instruction was estopped from later claiming that the jury charge was erroneous because it did not have the instruction the trial court deleted at the defendant's request. *Id.* at 532. In addition, the court in *Ripkowski v. State*, reasoned that a crucial distinction exists between the concepts of "waiver" and "invited error" and stated that the latter involves whether one can complain of an action he requested. *Ripkowski v. State*, 61 S.W.3d 378, 389 (Tex. Crim. App. 2001). The *Ripkowski* court also held that the definition of what can constitute error "excludes those actions of the trial court actually sought by the party to that tribunal." *Id.* (quoting *Prystash*, 3 S.W.3d at 531) (internal quotation marks omitted). Similarly, Appellant cannot complain that his sentences were impermissibly stacked in a single criminal action because he requested to withdraw his guilty plea in those cases and requested a new trial. Appellant's request to withdraw his guilty plea was granted in Cause No. 18459-B, and he received a new trial in that case. Having received his requested relief, Appellant is estopped from complaining that the new trial that he requested resulted in an impermissible cumulation of the sentences in Cause No. 18433-B and Cause No. 18459-B.

Appellant also argues that the trial court improperly severed his offenses when it overruled his pro se motion to withdraw his plea of guilty in three causes, but granted his motion in Cause No. 18459-B. Appellant contends that the trial court's ability to sever offenses joined in a single criminal action allows a defendant's sentences to be improperly "stacked," which creates an impermissible chilling effect

on his right to challenge his convictions. Appellant reaches this conclusion by stating that there is no distinction between a motion to withdraw a plea of guilty and an appeal to a higher court; he claims that both are sources of relief a defendant may use to challenge his conviction. We need not reach this issue because we have previously held that Appellant received his requested relief and is estopped from complaining about the result of the new trial and the subsequent consecutive sentencing. We overrule Appellant's first issue.

### B. Issue Two: Presumption of Prosecutorial Vindictiveness

Appellant argues that the State's joinder of Cause Nos. 18459-B, 18433-B, 18416-B, and 18434-B into a single criminal action and subsequent request to cumulate or "stack" Appellant's sentences in Cause Nos. 18433-B and 18459-B raises a presumption of prosecutorial vindictiveness. Appellant also asserts that he specifically and timely objected and established a presumption of prosecutorial vindictiveness, which the State failed to rebut. A claim for prosecutorial vindictiveness may be established in two ways: (1) proof of circumstances that pose a "realistic likelihood" of such prosecutorial misconduct that is sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges, or (2) proof of "*actual* vindictiveness" with direct evidence that the prosecutor's charging of the offense is being used against Appellant's legally protected rights. *United States v. Goodwin*, 457 U.S. 368, 373, 384 (1982); *Neal v. State*, 150 S.W.3d 169, 173–74 (Tex. Crim. App. 2004).

In order to assert this presumption, the defendant must prove that he was convicted, that he successfully appealed his conviction and obtained a new trial, and that the State subsequently enhanced his charges. *Neal*, 150 S.W.3d at 174. The burden then shifts to the State to provide an explanation for the enhancement, at which time the State must convince the trial court that the enhancement of the defendant's charges are unrelated to his right to appeal. *Id.* In order to establish a

7

claim when there is no presumption of prosecutorial vindictiveness, the defendant must prove that the prosecutor's decision to charge him is a "'direct and unjustifiable penalty' that resulted 'solely from the defendant's exercise of a protected legal right.'" *Id.* at 174 (quoting *Goodwin*, 457 U.S. at 380 n.11, 384 n.19). The defendant must present objective evidence to persuade the trial court of the State's actual vindictive motives. *Id.*

During Appellant's sentencing, he stated that the State's decision "to change the sentence to consecutive and to try and cumulate this, it was purely -- it's going to be clearly vindictive on the part of the State." The trial court implicitly overruled this objection, and because Appellant was aware of the possible consequences of the withdrawal of his plea, the presumption of vindictiveness is not applicable. *Ehl v. Estelle*, 656 F.2d 166, 171 (5th Cir. 1981) (withdrawal of plea is tacit repudiation of bargain, which allows State to proceed with all charges); *see also Castleberry v. State*, 704 S.W.2d 21, 29 (Tex. Crim. App. 1984) (trial court has no duty to admonish defendant of the consequences of defendant's rejection of the plea agreement); *Sterling v. State*, 791 S.W.2d 274, 277–78 (Tex. App.—Corpus Christi 1990, pet. ref'd) (en banc) (State is free to seek consecutive sentencing following trial court's order that granted defendant a new trial at defendant's request, and such action is not prosecutorial vindictiveness). Appellant also did not adduce any evidence that the State's request to "stack" sentences was an actual, direct, and unjustifiable penalty that resulted from Appellant's exercise of his legal rights. *Goodwin*, 457 U.S. at 380–81; *see also Sterling*, 791 S.W.2d at 277–78. Appellant has failed to meet his burden to adduce direct evidence that demonstrated prosecutorial vindictiveness. We overrule Appellant's second issue.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


December 17, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.